IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

AXIS SURPLUS INSURANCE
COMPANY,

    Plaintiff,

v.

TRISTAR COMPANIES, LLC

    Defendant.

)
)
)
)
)
)
)
)
)
)
)

Cause No.:

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, AXIS SURPLUS INSURANCE COMPANY ("AXIS") for its Complaint for Declaratory Judgment against Defendant, TRISTAR COMPANIES, LLC ("TriStar"), states as follows:

### Nature of This Action

1.    AXIS brings this Complaint for Declaratory Judgment, pursuant to 28 U.S.C. §§2201-2022, and seeks a declaration that it affords no coverage to TriStar under a policy of primary commercial general liability insurance issued by AXIS (the "AXIS Policy"), either for defense costs or indemnity, for a wrongful death lawsuit, *Alice McEwen, as Special Administrator of Estate of Austin McEwen, deceased v. Amazon.com, Inc., et al.*, Case No. 2022LA00055, in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois ("McEwen Action").

2.    The McEwen Action seeks damages for the wrongful death of Austin McEwen, who was killed when a tornado struck the Amazon "distribution center", located at 3050 Gateway Commerce Center Drive South in Edwardsville, Illinois ("the Amazon Distribution Center"), where he was working.  TriStar provided notice to AXIS and seeks coverage of the McEwen Action under the AXIS policy.

3.      The Complaint in the McEwen Action does not allege any claims covered or even potentially covered by the AXIS Policy because its coverage is expressly limited to injuries and damages which occur at certain scheduled locations.  The Amazon Distribution Center is not one of those scheduled locations.   The AXIS Policy is also subject to several exclusions and endorsements which preclude coverage to TriStar for the McEwen Action.  Accordingly, AXIS seeks a declaratory judgment that it owes neither a duty to defend nor a duty to indemnify TriStar with respect to the McEwen Action.

### Parties

4.      Plaintiff, AXIS Surplus Insurance Company ("AXIS"), is an Illinois corporation with its principal place of business in Georgia.

5.      Defendant, TriStar Companies, LLC ("TriStar"), formerly known as TriStar Property Associates, LLC, is a Missouri limited liability company with its principal place of business in Missouri.  Upon information and belief, TriStar's members are citizens of states other than Illinois or Georgia.

### Jurisdiction and Venue

6.      This court has jurisdiction over this action, pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different states.

7.      Venue of this action is proper in this court pursuant to 28 U.S.C. §1391, because TriStar maintains its principal place of business in this district, it asserted its demands for coverage of the McEwen Action from this district, and the AXIS Policy was delivered to the first named insured in this district.

**The McEwen Action**

8.       On January 18, 2022, Alice McEwen, as Special Administrator of Estate of Austin McEwen, deceased, filed a Complaint at Law purportedly against TriStar (improperly named as "TriStar Properties LLC") and other defendants, captioned *Alice McEwen, as Special Administrator of Estate of Austin McEwen, deceased v. Amazon.com, Inc., et al.*, Case No. 2022 LA 00055, in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois ("McEwen Action").  A true and correct copy of the Complaint in the McEwen Action ("the McEwen Complaint") is attached as Exhibit 1.

9.       The McEwen Complaint alleges that TriStar was negligent and is liable for the wrongful death of Austin McEwen on the basis that it negligently built, developed, and/or constructed the Amazon Distribution Center in Edwardsville, Illinois.

10.       The TriStar website describes its involvement in the Amazon Distribution Center as follows:  "AMAZON . . . 717,240 of class A industrial building leased to Amazon . . .TriStar developed this 717,250 SF Class A distribution center located in Gateway Commerce Center, Edwardsville, IL.  The building is 100% leased to Amazon . . ." https://tristarproperties.com/case-studies/industrial/ (last visited March 2, 2022).

11.       The address of the Amazon Distribution Center is 3050 Gateway Commerce Center Drive South, Edwardsville, Illinois.

**The AXIS Policy**

12.       AXIS issued a policy of commercial general liability insurance to Financial Processing Services, LLC as the first named insured, policy number ESC 90071, effective June 1, 2021 – June 1, 2022 ("the AXIS Policy").  A true, correct, and certified copy of the AXIS Policy is attached hereto as Exhibit 2.

13.     The AXIS Policy is subject to various terms and provisions limiting coverage to designated premises, projects, or operations, which do not include the Amazon Distribution Center, located at 3050 Gateway Commerce Center Drive South, Edwardsville, Illinois.

14.     The AXIS Policy's Declarations page provides as follows:

NAMED INSURED:  Financial Processing Services, LLC

MAILING ADDRESS:  12647 Olive Blvd Ste 510, St Louis, MO  63141

\*          \*          \*

BUSINESS DESCRIPTION   Lessors of Residential Buildings and Dwellings

\*          \*          \*

Premium

COMMERCIAL GENERAL LIABILITY COVERAGE PART      $1905

15.     The AXIS Policy expresses the "Description of Business" of the first named insured (Financial Processing Services, LLC) as follows:

BUSINESS DESCRIPTION:   Lessors of Residential Buildings and Dwellings

\*          \*          \*

| ALL PREMISES YOU OWN, RENT OR OCCUPY | |
| --- | --- |
| LOCATION NUMBER | ADDRESS OF ALL PREMISES YOU OWN, RENT OR OCCUPY |
| Per schedule of locations on file with carrier. | |

16.     The AXIS Policy's Commercial General Liability Coverage Form provides as follows:

**SECTION I – COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

   **a**. We will pay those sums that the insured is legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any

4

"suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

17.     The AXIS Policy's "Schedule of Named Insureds" endorsement provides:

**SCHEDULE OF NAMED INSUREDS**

The Commercial General Liability COVERAGE PART Declarations Page is amended to add the following Named Insureds:

\*         \*         \*

TriStar Property Associates, LLC

18.     The AXIS Policy's "Designated Premises Project or Operation" endorsement

provides:

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES, PROJECT OR OPERATION**

\*         \*         \*

SCHEDULE

Premises:
Refer to Form SI112 for All locations

\*         \*         \*

**b.**     This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

(1) The "bodily injury" or "property damage":

(a)     Occurs on the premises shown in Schedule or the grounds and structures appurtenant to those premises; or

(b)     Arises out of the project or operation shown in the Schedule;

19.     The AXIS Policy's "Schedule of Locations" endorsement, form SI 112 (09-15), provides:

**SCHEDULE OF LOCATIONS**

\*         \*         \*

The policy Declarations page is amended as respects Location of all premises you own, rent or occupy to include the following:

5

[Listing 26 locations, none of which is the Amazon "Distribution Center" located

in Edwardsville, Illinois]

20.     The AXIS Policy's "Real Estate Development Activities Exclusion" provides:

**REAL ESTATE DEVELOPMENT ACTIVITIES EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

The following exclusion is **added to 2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage, Liability, Coverage B – Personal And Advertising Injury Liability And Coverage C – Medical Payments**:

This insurance does not apply to:

"Bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of, resulting from, related to, or in any way connected to "real estate development activities" by or on behalf of any "insured".

As used in this exclusion, "real estate activities" shall mean the design, site preparation, construction, marketing or sales of any real estate owned by any "insured", including wrecking or demolition of any building or structure (including, but not limited to, those used for residential, commercial, agricultural or industrial purposes).

All other provisions of the policy remain unchanged.

21.     The AXIS Policy's completed operations exclusion provides:

COMMERCIAL GENERAL LIABILITY

THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.

**EXCLUSION – PRODUCTS-COMPLETED OPERATIONS HAZARD**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART.

This insurance does not apply to "bodily injury" or "property damage" included within the "products-completed operations hazard."

22.     The AXIS Policy includes the following definition of completed operations:

16.     "Products-completed operations hazard":

    a.   Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

*      *      *

   (2)  Work that has not yet been completed or abandoned.  However, "your work" will be deemed completed at the earliest of the following times:

      (a)  When all of the work called for in your contract has been completed.

      (b)  When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

      (c)  When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

<b><u>TriStar's Notice To AXIS Of The McEwen Action</u></b>

23.    The McEwen Complaint was filed on January 18, 2022.

24.    TriStar provided its first notice of the McEwen Action to AXIS by email on January 25, 2022.

<b><u>Count I</u></b><br><b><u>Declaratory Judgment – No Coverage For</u></b><br><b><u>The McEwen Action Under The AXIS Policy</u></b>

25.    AXIS realleges paragraphs 1-24 and incorporates each herein as though fully restated.

26.    The McEwen Action arises from, and seeks recovery for, the death of Austin McEwen, which occurred at the Amazon Distribution Center in Edwardsville, Illinois.

27.    The Amazon Distribution Center is not an identified, designated, or scheduled location under the AXIS Policy.

7

28.     The AXIS Policy was written and priced to provide coverage for otherwise covered and non-excluded bodily injury resulting from occurrences taking place on premises owned, rented or occupied by AXIS first named insured, Financial Processing Services, LLC.

29.     Upon information and belief, the first named insured under the AXIS Policy, Financial Processing Services, LLC, had no role or connection in the development or construction of the Amazon Distribution Center in Edwardsville, Illinois.

30.     Neither the Policy, the allegations of the McEwen Complaint, nor matters publicly available, establish any connection between Financial Processing Services, LLC and the Amazon Distribution Center in Edwardsville, Illinois.

31.     The AXIS Policy's "Limitation of Coverage to Designated Premises, Project or Operation" endorsement precludes the McEwen Complaint allegations that Austin McEwen's death occurred at the Amazon Distribution Center in Edwardsville, Illinois which is not a scheduled location on form SI 112 (09-15) of the AXIS Policy.

32.     The AXIS Policy's "Real Estate Development Exclusion" precludes coverage for the allegations of the McEwen Complaint because Austin McEwen's death is alleged to have resulted from TriStar's development of the Amazon Distribution Center.

33.     The "Exclusion-Products Completed Operations Hazard" precludes coverage for the McEwen Action because the work of TriStar at the Amazon Distribution Center was complete years prior to December 10, 2021, the date of Austin McEwen's death.

34.     AXIS received a premium of $1905 for the AXIS Policy (not including the broker's service fee and a surplus lines tax).  The AXIS Policy was priced to provide coverage for Financial Processing Services, LLC, and other named insureds, in connection with Financial Processing's business, as reflected in the Policy Declarations Page, as: "Lessors of Residential Buildings and

8

Dwellings." The Amazon Distribution Center is a commercial facility, not a residential building or dwelling.

35.     For the reasons set forth in paragraphs 26-34, the AXIS Policy affords no coverage for the McEwen Action, and AXIS has no duty to defend and no duty to indemnify TriStar.

36.     TriStar disputes AXIS' position that it owes no duty to defend to indemnify TriStar with respect to the McEwen Action.

37.     This is an actual and ripe dispute and controversy between AXIS and TriStar regarding the duties and obligations of AXIS, if any, under the AXIS Policy with respect to the McEwen Action.

38.     AXIS requests a declaration from this Court that it owes no duty to defend and/or to indemnify TriStar respect to the McEwen Action.

WHEREFORE, Plaintiff, AXIS Surplus Insurance Company, respectfully requests judgment as follows:

A. That the Court determine and declare that AXIS has no duty to defend and duty to indemnify TriStar under the AXIS Policy with respect to the McEwen Action; and

B. That the Court award AXIS such other and further relief as is just and proper under the circumstances.

Respectfully submitted,

**SKARZYNSKI MARICK & BLACK LLP**

By: */s/ Michael M. Marick*
Attorney for Plaintiff, AXIS Surplus Insurance
Company
Michael M. Marick
Skarzynski Marick & Black LLP
353 N. Clark Street, Suite 3650
Chicago, IL 60654
(312) 946-4200
mmarick@skarzynski.com

9

and

**BROWN & JAMES, P.C.**

By: */s/  Russell F. Watters*
Attorney for Plaintiff, AXIS Surplus Insurance
Company
Russell F. Watters
Brown & James, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101
(314) 421-3400
rwatters@bjpc.com

27379218.1

10