# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| AXIS SURPLUS INSURANCE COMPANY, | ) |
| Plaintiff, | ) Case No. 4:22-cv-00328 |
| vs. | ) |
| TRISTAR COMPANIES, LLC, | ) |
| Defendant. | ) |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant TriStar Companies, LLC ("Tristar"), by and through the undersigned counsel, files its Answer, Affirmative Defenses, and Counterclaim to Axis Surplus Insurance Company's ("Axis") Complaint, and states as follows:

### ANSWER

### Nature of This Action

1. Axis brings this Complaint for Declaratory Judgment, pursuant to 28 U.S.C. §§ 2201-2022, and seeks a declaration that it affords no coverage to TriStar under a policy of primary commercial general liability insurance issued by Axis (the "Axis Policy"), either for defense costs or indemnity, for a wrongful death lawsuit, *Alice McEwen, as Special Administrator of Estate of Austin McEwen, deceased v. Amazon.com, Inc., et al.*, Case No. 2022LA00055, in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois ("McEwen Action").

**ANSWER: TriStar is without sufficient knowledge to form a belief as to the truth of the matters asserted in paragraph 1 and therefore denies the same.**

2. The McEwen Action seeks damages for the wrongful death of Austin McEwen, who was killed when a tornado struck the Amazon "distribution center", located at 3050

Gateway Commerce Center Drive South in Edwardsville, Illinois (the "Amazon Distribution Center"), where he was working. TriStar provided notice to Axis and seeks coverage of the McEwen Action under the Axis Policy.

**ANSWER: TriStar admits that the McEwen Action seeks damages for the death of Austin McEwen and admits that it provided notice to Axis and seeks coverage of the McEwen Action under the Axis Policy. TriStar is without sufficient information to form a belief as to the truth of the remaining matters asserted in paragraph 2 and therefore denies the same.**

3. The Complaint in the McEwen Action does not allege any claims covered or even potentially covered by the Axis Policy because its coverage is expressly limited to injuries and damages which occur at certain scheduled locations. The Amazon Distribution Center is not one of those scheduled locations. The Axis Policy is also subject to several exclusions and endorsements which precluded coverage to TriStar for the McEwen Action. Accordingly, Axis seeks a declaratory judgment that it owes neither a duty to defend nor a duty to indemnify TriStar with respect to the McEwen Action.

**ANSWER: Denied.**

## Parties

4. Plaintiff, Axis Surplus Insurance Company ("Axis"), is an Illinois corporation with its principal place of business in Georgia.

**ANSWER: TriStar is without sufficient knowledge to form a belief as to the truth of the matters asserted in paragraph 4 and therefore denies the same.**

5. Defendant, TriStar Companies, LLC ("TriStar"), formerly known as TriStar Property Associates, LLC, is a Missouri limited liability company with its principal place of

business in Missouri.  Upon information and belief, TriStar's members are citizens of states other than Illinois or Georgia.

**ANSWER:  Admit.**

## Jurisdiction and Venue

6. This court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different states.

**ANSWER:  Paragraph 6 states a legal conclusion to which no response is required.  To the extent a response is required, denied.**

7. Venue of this action is proper in this court pursuant to 28 U.S.C. § 1391, because TriStar maintains its principal place of business in this district, it asserted its demands for coverage of the McEwen Action from this district, and the Axis Policy was delivered to the first named insured in this district.

**ANSWER:  Paragraph 7 states a legal conclusion to which no response is required.  To the extent a response is required, denied.**

## The McEwen Action

8. On January 18, 2022, Alice McEwen, as Special Administrator of Estate of Austin McEwen, deceased, filed a Complaint at Law purportedly against TriStar (improperly named as TriStar Properties LLC") and other defendants, captioned *Alice McEwen, as Special Administrator of Estate of Austin McEwen, deceased v. Amazon.com, Inc. et al.*, Case No. 2022 LA 00055, in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois ("McEwen Action").  A true and accurate copy of the Complaint in the McEwen Action ("the McEwen Complaint") is attached as Exhibit 1.

**ANSWER: Admit. For further answer, a Second Amended Complaint has been filed and is the active pleading in the McEwen Action. A true and accurate copy of the Second Amended Complaint in the McEwen Action is attached hereto as Exhibit A.**

9. The McEwen Complaint alleges that TriStar was negligent and is liable for the wrongful death of Austin McEwen on the basis that it negligently build, developed, and/or constructed the Amazon Distribution Center in Edwardsville, Illinois.

**ANSWER: The Complaint speaks for itself and TriStar denies that Axis has accurately summarized its contents. For further answer, the allegations in the McEwen Action are contained in the Second Amended Complaint, not the Complaint.**

10. The TriStar website describes its involvement in the Amazon Distribution Center as follows: "Amazon…717,240 of class A industrial building leased to Amazon…TriStar developed this 717,250 SF Class A distribution center located in Gateway Commerce Center, Edwardsville, IL. The building is 100% leased to Amazon…" https://tristarproprties.com/case-studies/industrial/ (last visited March 2, 2022).

**ANSWER: Denied.**

11. The address of the Amazon Distribution Center is 3050 Gateway Commerce Center Drive South, Edwardsville, Illinois.

**ANSWER: Denied.**

### The Axis Policy

12. Axis issued a policy of commercial general liability insurance to Financial Processing Services, LLC as the first named insured, policy number ES 90071, effective June 1, 2021 – June 1, 2022 ("the Axis Policy"). A true, correct, and certified copy of the Axis Policy is attached hereto as Exhibit 2.

4

**ANSWER: Admit all allegations except the allegation that Financial Processing Services, LLC was the "first" named insured.**

13. The Axis Policy is subject to various terms and provisions limiting coverage to designated premises, projects, or operations, which do not include the Amazon Distribution Center, located at 3050 Gateway Commerce Center Drive South, Edwardsville, Illinois.

**ANSWER: Denied.**

14. The Axis Policy's Declarations page provides as follows:

> NAMED INSURED: Financial Processing Services, LLC
>
> MAILING ADDRESS: 12647 Olive Blvd Ste 510, St. Louis, MO 63141
>
> BUSINESS DESCRIPTION  Lessors of Residential Buildings and Dwellings
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART      Premium
>
> $1905

**ANSWER: The Axis Policy speaks for itself and TriStar denies that Axis has accurately summarized its contents.**

15. The Axis Policy expresses the "Description of Business" of the first named insured (Financial Processing Services, LLC) as follows:

> BUSINESS DESCRIPTION  Lessors of Residential Buildings and Dwellings

| | |
|---|---|
| LOCATION NUMBER | ADDRESS OF ALL PREMISES YOU OWN, RENT OR OCCUPY |
| Per schedule of locations on file with carrier. | |

**ANSWER: The Axis Policy speaks for itself and TriStar denies that Axis has accurately summarized its contents.**

16. The Axis Policy's Commercial General Liability Coverage Form provides as follows:

> **SECTION 1 – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> > a. We will pay those sums that the insured is legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

**ANSWER:** The Axis Policy speaks for itself and TriStar denies that Axis has accurately summarized its contents.

17. The Axis Policy's "Schedule of Named Insureds" endorsement provides:

> **SCHEDULE OF NAMED INSUREDS**
>
> The Commercial General Liability COVERAGE PART Declarations Page is amended to add the following Named Insureds:
>
> TriStar Property Associates, LLC

**ANSWER:** The Axis Policy speaks for itself and TriStar denies that Axis has accurately summarized its contents.

18. The Axis Policy's "Designated Premises Project or Operation" endorsement provides:

> **LIMITATION OF COVERAGE TO DESIGNATED PREMISES, PROJECT OR OPERATION**

SCHEDULE

Premises:
Refer to Form SI1 12 for All locations

**b.** This insurance applies to "bodily injury" and "property damage" caused by an "occurrence that takes place in the "coverage territory" only if:
    (1) the "bodily injury" or "property damage":
        (a) Occurs on the premises shown in Schedule or the grounds nad structures appurtenant to those premises; or

        (b) Arises out of the project or operation shown in the Schedule;

**ANSWER: The Axis Policy speaks for itself and TriStar denies that Axis has accurately summarized its contents.**

    19.    The Axis Policy's "Schedule of Locations" endorsement, form SI 112 (09-15), provides:

**SCHEDULE OF LOCATIONS**

The policy Declarations page is amended as respects Location of all premises you own, rent or occupy to include the following:

[Listing 26 locations, none of which is the Amazon "Distribution Center" located in Edwardsville, Illinois]

**ANSWER: The Axis Policy speaks for itself and TriStar denies that Axis has accurately summarized its contents.**

    20.    The Axis Policy's "Real Estate Development Activities Exclusion" provides:

**REAL ESTATE DEVELOPMENT ACTIVITIES EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

The following exclusion is **added to 2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage, Liability, Coverage B – Personal and Advertising Injury Liability and Coverage C – Medical Payments:**

This insurance does not apply to:

"Bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of , resulting from, related to, or in any way connected to "real estate development activities" by or on behalf of any "insured".

As used in this exclusion, "real estate activities" shall mean the design, site preparation, construction, marketing or sales of any real estate owned by any "insured", including wrecking or demolition of any building or structure (including, but not limited to, those used for residential, commercial, agricultural or industrial purposes).

All other provisions of the policy remain unchanged.

**ANSWER: The Axis Policy speaks for itself and TriStar denies that Axis has accurately summarized its contents.**

21. The Axis Policy's completed operations exclusion provides:

COMMERCIAL GENERAL LIABILITY

THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.

**EXCLUSION – PRODUCTS-COMPLETED OPRATIONS HAZARD**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART.

This insurance does not apply to "bodily injury" or "property damage" included within the "products-completed operations hazard."

**ANSWER: The Axis Policy speaks for itself and TriStar denies that Axis has accurately summarized its contents.**

22. The Axis Policy includes the following definition of completed operations:

16. "Products-completed operations hazard":

8

> > a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
> >
> > > (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
> > > (a) When all of the work called for in you contract has been completed.
> > > (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
> > > (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

**ANSWER: The Axis Policy speaks for itself and TriStar denies that Axis has accurately summarized its contents.**

### TriStar's Notice to Axis of the McEwen Action

23. The McEwen Complaint was filed on January 18, 2022.

**ANSWER: Admit.**

24. TriStar provided its first notice of the McEwen Action to Axis by email on January 25, 2022.

**ANSWER: Admit.**

### Count I
### Declaratory Judgment – No Coverage for the McEwen Action under the Axis Policy

25. Axis realleges paragraphs 1-24 and incorporates each herein as though fully restated.

**ANSWER: TriStar incorporates its responses to paragraphs 1 through 24 above as if fully set forth herein.**

26. The McEwen Action arises from, and seeks recover for, the death of Austin McEwen, which occurred at the Amazon Distribution Center in Edwardsville, Illinois.

**ANSWER: TriStar is without sufficient information to form a belief as to the truth of the matters asserted in paragraph 26 and therefore denies the same.**

27. The Amazon Distribution Center is not an identified, designated, or scheduled location under the Axis Policy.

**ANSWER: Denied.**

28. The Axis Policy was written and priced to provide coverage for otherwise covered and non-excluded bodily injury resulting from occurrences taking place on premises owned, rented or occupied by Axis first named insured, Financial Processing Services, LLC.

**ANSWER: Denied.**

29. Upon information and belief, the first named insured under the Axis Policy, Financial Processing Services, LLC, had no role or connection in the development or construction of the Amazon Distribution Center in Edwardsville, Illinois.

**ANSWER: Denied.**

30. Neither the Policy, the allegations of the McEwen Complaint, nor matters publicly available, establish any connection between Financial Processing Services, LLC and the Amazon Distribution Center in Edwardsville, Illinois.

**ANSWER: Denied.**

31. The Axis Policy's "Limitation of Coverage to Designated Premises, Project or Operation" endorsement precludes the McEwen Complaint allegations that Austin McEwen's death occurred at the Amazon Distribution Center in Edwardsville, Illinois which is not a scheduled location on form SI 112 (09-15) of the Axis Policy.

**ANSWER: Denied.**

32. The Axis Policy's "Real Estate Development Exclusion" precludes coverage for the allegations of the McEwen Complaint because Austin McEwen's death is alleged to have resulted from TriStar's development of the Amazon Distribution Center.

**ANSWER: Denied.**

33. The "Exclusion-Products Completed Operations Hazard" precludes coverage for the McEwen Action because the work of TriStar at the Amazon Distribution Center was complete years prior to December 10, 2021, the date of Austin McEwen's death.

**ANSWER: Denied.**

34. Axis received a premium of $1905 for the Axis Policy (not including the broker's service fee and a surplus lines tax). The Axis Policy was priced to provide coverage for Financial Processing Services, LLC, and other named insureds, in connection with Financial Processing's business, as reflected in the Policy Declarations Page, as: "Lessors of Residential Buildings and Dwellings." The Amazon Distribution Center is a commercial facility, not a residential building or dwelling.

**ANSWER: Denied.**

35. For the reasons set forth in paragraphs 26-34, the Axis Policy affords no coverage for the McEwen Action, and Axis has no duty to defend and no duty to indemnify TriStar.

**ANSWER: Denied.**

36. TriStar disputes Axis' position that it owes no duty to defend to indemnify [sic] TriStar with respect to the McEwen Action.

**ANSWER: Admit.**

37. This is an actual and ripe dispute and controversy between Axis and TriStar regarding the duties and obligations of Axis, if any, under the Axis Policy with respect to the McEwen Action.

**ANSWER: Admit.**

38. Axis requests a declaration from this Court that it owes no duty to defend and/or indemnify TriStar respect [sic] to the McEwen Action.

**ANSWER: Denied.**

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is barred by laches, estoppel, and waiver.

WHEREFORE, TriStar Companies, LLC respectfully requests that the Court enter its Order and Judgment in favor of TriStar Companies, LLC and against Plaintiff Axis Surplus Insurance Company, and any further relief as the Court deems just and proper

## COUNTERCLAIM

1. Counterclaim Plaintiff TriStar Companies, LLC ("TriStar") is a Missouri limited liability company with its principal place of business in Missouri.

2. Counterclaim Defendant Axis Surplus Insurance Company ("Axis") is an Illinois corporation with a principal place of business in Georgia.

### Background

3. At all times relevant herein, TriStar was a named insured under the commercial general liability Policy No. ESC90071 ("Policy") issued by Axis. A true and accurate copy of the Policy is attached to Axis' Complaint as Exhibit 1.

4. On or about January 18, 2022, TriStar Properties, LLC was named as a defendant in a wrongful death lawsuit pending in the Circuit Court for the Third Judicial Circuit in Madison County, Illinois and captioned *Alice McEwen v. Amazon.com, Inc. et al.*, Cause No. 2022LA000055 ("McEwen Action"). A true and accurate copy of the Complaint filed in the McEwen Action is attached to Axis' Complaint as Exhibit 1.

5. Upon information and belief, the allegations against Tristar Properties, LLC were intended to be against TriStar Property Associates, LLC.

6. On or about January 25, 2022, TriStar provided notice of the Complaint and claims therein to Axis and demanded coverage under the Policy.

7. On or about February 15, 2022, Axis provided notice that it was declining coverage under the Policy.

8. On or about March 28, 2022, a Second Amended Complaint was filed in the McEwen Action against, among others, TriStar Property Associates, LLC. TriStar Property

Associates, LLC is the previous name for TriStar and is the same entity. A true and accurate copy of the Second Amended Complaint is attached hereto as Exhibit A.

9. Jurisdiction and venue are proper in this Court pursuant to §§ 506.500.1(1), 506.500.1(5), and 508.010.2(4) RSMo.

**Count I – Declaratory Judgment**

10. Plaintiffs reallege, restate, and incorporate by reference the allegations contained in paragraphs 1 through 9 as if more fully set forth herein.

11. This case involves a justiciable controversy as to whether there is coverage for TriStar under the Policy for the claims raised in the McEwen Action.

12. A determination of whether there is coverage under the Policy is ripe for adjudication as TriStar maintains there is coverage and Axis has denied coverage.

13. TriStar has no adequate remedy at law.

14. The Policy includes the following Insuring Agreement, in pertinent part:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages.

The Insuring Agreement further indicates that "[t]his insurance applies to 'bodily injury'…only if…(1) [t]he 'bodily injury'…is caused by an 'occurrence' that takes place in the 'coverage territory; (2) [t]he 'bodily injury' occurs during the policy period; and (3) [p]rior to the policy period, no insured…knew that the 'bodily injury'…had occurred…"

15. The McEwen Action involves claims that are potentially covered by the Policy, thereby triggering Axis' duty to defend TriStar in the Underlying Lawsuit.

16. First, the McEwen Action alleges bodily injury caused by an occurrence in the coverage territory. "Bodily injury" is defined by the Policy to mean "bodily injury, sickness or

14

disease sustained by a person, including death resulting from any of these at any time" and to include "damages claimed by any person or organization for care, loss of services or death resulting at any time from the 'bodily injury.'" The McEwen Action contains allegations that the decedent suffered injuries and resulting death and the plaintiff seeks damages for loss of society and companionship.

17. "Occurrence" under the policy means "an accident…" The McEwen Action alleges the injuries were caused by the destruction of a warehouse after being struck by a tornado.

18. The Policy defines "coverage territory" to include "[t]he United States of America." Here, the McEwen Action alleges the bodily injury occurred in Illinois.

19. Second, the policy period was from June 1, 2021 through June 1, 2022. The injuries alleged in the McEwen Action occurred on or about December 10, 2021, within the policy period.

20. Finally, no insured under the Policy had knowledge of the injuries that had not yet occurred prior to the policy period.

21. No Policy exclusions or provisions exclude coverage for the claims in the Underlying Lawsuit.

22. TriStar requests that the Court enter judgment declaring the following:

   i. The Court declare that the McEwen Action alleges facts that give rise to a claim potentially within the Policy's coverage; and

   ii. The Court declare that Axis has a duty to defend TriStar in the McEwen Action.

WHEREFORE, Plaintiff respectfully requests that the Court enter its Order and Judgment, declaring the rights of TriStar Property Associates, LLC under the Policy as set forth in Paragraph 22, and for any further relief as the Court deems just and proper.

## **Count II – Breach of Contract**

23. Plaintiffs reallege, restate, and incorporate by reference the allegations contained in paragraphs 1 through 22 as if more fully set forth herein.

24. TriStar is a named insured under the Policy.

25. The Policy provides coverage for the claims made against TriStar in the McEwen Action.

26. TriStar provided notice of the McEwen Action and has otherwise complied with all terms in the Policy.

27. Axis has refused to defend TriStar in the McEwen Action.

28. Axis' refusal to defend TriStar in the McEwen Action constitutes a breach of contract.

29. As a result of Axis' breach, TriStar has sustained damages in the form of attorneys' fees and other expenses incurred in defending itself in the McEwen Action.

30. Axis' refusal to defend TriStar and pay TriStar's defense costs in the McEwen Action is without reasonable cause or excuse and is therefore vexatious, entitling TriStar to additional damages in the amount of:

   a. Twenty percent of the first fifteen hundred dollars awarded;

   b. Ten percent of any amount awarded in excess of fifteen hundred dollars; and

   c. Reasonable attorneys' fees and costs incurred in prosecuting this suit.

WHEREFORE, TriStar Companies, LLC respectfully requests that the Court enter its Order and Judgment in favor of TriStar Companies, LLC, award it damages, interest, and attorneys' fees, and any further relief as the Court deems just and proper.

Respectfully submitted,

**BLITZ, BARDGETT & DEUTSCH, LC**

By:    /s/ *Christopher O. Bauman*
        Robert D. Blitz, #24387MO
        Christopher O. Bauman, #52480MO
        120 S. Central Ave., Ste. 1500
        St. Louis, MO 63105
        Telephone: (314) 863-1500
        Facsimile: (314) 863-1877
        Email: rblitz@bbdlc.com
        Email: cbauman@bbdlc.com

*Attorneys for TriStar Companies, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on April 15, 2022, the foregoing was served via the Court's CM/ECF system on all counsel of record.

        */s/ Christopher O. Bauman*