IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| AXIS SURPLUS INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| TRISTAR COMPANIES, LLC | ) ) |
| Defendant. | ) ) |

Cause No.: 22-cv-00328

## **AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, AXIS SURPLUS INSURANCE COMPANY ("AXIS") for its Amended Complaint for Declaratory Judgment against Defendant, TRISTAR COMPANIES, LLC ("TriStar"), states as follows:

### **Nature of This Action**

1. AXIS brings this Amended Complaint for Declaratory Judgment, pursuant to 28 U.S.C. §§2201-2022, and seeks a declaration that it affords no coverage to TriStar under a policy of primary commercial general liability insurance issued by AXIS (the "AXIS Policy"), either for defense costs or indemnity, for several pending and threatened lawsuits against TriStar which allege wrongful deaths or injuries based on TriStar's role in building, developing or constructing an Amazon "distribution center" in Edwardsville, Illinois, where a tornado struck on December 10, 2021 ("Edwardsville Tornado Actions" and "Potential Claims").

2. The Complaints in the Edwardsville Tornado Actions and Potential Claims do not allege any claims covered or even potentially covered by the AXIS Policy because its coverage is expressly limited to injuries and damages which occur at certain scheduled locations. The Amazon Distribution Center is not one of those scheduled locations. The AXIS

Policy is also subject to several exclusions and endorsements which preclude coverage to TriStar for the Edwardsville Tornado Actions and Potential Claims. Accordingly, AXIS seeks a declaratory judgment that it owes neither a duty to defend nor a duty to indemnify TriStar with respect to the Edwardsville Tornado Actions and Potential Claims.

3.      Alternatively, if the Court determines the Edwardsville Tornado Actions and Potential Claims are actually or potentially within the scope of coverage of the AXIS Policy, AXIS seeks a declaration that the AXIS Policy is excess over any other insurance policy providing coverage to TriStar for the Edwardsville Tornado Actions and Potential Claims.

## Parties

4.      Plaintiff, AXIS Surplus Insurance Company ("AXIS"), is an Illinois corporation with its principal place of business in Georgia.

5.      Defendant, TriStar Companies, LLC ("TriStar"), formerly known as TriStar Property Associates, LLC, is a Missouri limited liability company with its principal place of business in Missouri. Upon information and belief, TriStar's members are citizens of states other than Illinois or Georgia.

## Jurisdiction and Venue

6.      This court has jurisdiction over this action, pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different states.

7.      Venue of this action is proper in this Court pursuant to 28 U.S.C. §1391, because TriStar maintains its principal place of business in this District, it asserted its demands for coverage of the Edwardsville Tornado Actions and Potential Claims from this District, and the AXIS Policy was delivered to the first named insured in this District.

**Edwardsville Tornado Actions and Potential Claims**

8. On January 18, 2022, Alice McEwen, as Special Administrator of Estate of Austin McEwen, deceased, filed a Complaint at Law purportedly against TriStar (improperly named as "TriStar Properties LLC") and other defendants ("*McEwen* Action"). McEwen filed a Second Amended Complaint on March 28, 2022. A true and correct copy of the Second Amended Complaint in the *McEwen* Action is attached as Exhibit 1 ("the *McEwen* Complaint").

9. The *McEwen* Complaint alleges that TriStar was negligent and is liable for the wrongful death of Austin McEwen on the basis that it negligently built, developed, and/or constructed the Amazon Distribution Center in Edwardsville, Illinois.

10. On April 19, 2022, Deon January, as Independent Administrator of the Estate of Deandre Morrow, deceased, filed a Complaint at Law purportedly against TriStar (improperly named as "TriStar Properties, LLC") and other defendants ("*January* Action"). A true and correct copy of the Complaint in the *January* Action is attached as Exhibit 2 ("the *January* Complaint").

11. The *January* Complaint alleges that TriStar was negligent and is liable for the wrongful death of Deandre Morrow on the basis that it negligently built, developed, and/or constructed the Amazon Distribution Center in Edwardsville, Illinois.

12. On April 19, 2022, Jamarco Hickman, Evan Jensen, Jada Williams, and Deontae Yancey, filed a Complaint at Law purportedly against TriStar (improperly named as "TriStar Properties, LLC) and other defendants ("*Hickman* Action"). A true and correct copy of the Complaint in the *Hickman* Action is attached as Exhibit 3 ("the *Hickman* Complaint").

13. The *Hickman* Complaint alleges that TriStar was negligent and is liable for the injuries sustained by Hickman, Jensen, Williams, and Yancey on the basis that it negligently built, developed, and/or constructed the Amazon Distribution Center in Edwardsville, Illinois.

14. The *McEwen* Action, *January* Action, and *Hickman* Action are collectively the "Edwardsville Tornado Actions."

15. TriStar received correspondence dated June 1, 2022 from attorneys representing the estates of Clayton Cope and Larry Virden, two individuals who died as a result of the December 11, 2021 tornado and subsequent collapse of the of the Amazon Distribution Center in Edwardsville, Illinois. The letter warned of potential lawsuits on behalf of Clayton Cope ("Cope Claim") and Larry Virden ("Virden Claim") against TriStar. The Cope Claim, Virden Claim and any other future claims for injuries or deaths occurring on December 10, 2021 at the Amazon Distribution Center in Edwardsville, Illinois are collectively the "Potential Claims."

16. The TriStar website has described its involvement in the Amazon Distribution Center as follows: "AMAZON . . . 717,240 of class A industrial building leased to Amazon . . . .TriStar developed this 717,250 SF Class A distribution center located in Gateway Commerce Center, Edwardsville, IL. The building is 100% leased to Amazon . . ." https://tristarproperties.com/case-studies/industrial/ (last visited March 2, 2022).

17. The address of the Amazon Distribution Center is 3077 Gateway Commerce Center Drive South, Edwardsville, Illinois.

**The AXIS Policy**

18. AXIS issued a policy of commercial general liability insurance to Financial Processing Services, LLC as the first named insured, policy number ESC 90071, effective June 1,

4

2021 – June 1, 2022 ("the AXIS Policy"). A true, correct, and certified copy of the AXIS Policy is attached hereto as Exhibit 4.

19. The AXIS Policy is subject to various terms and provisions limiting coverage to designated premises, projects, or operations, which do not include the Amazon Distribution Center, located at 3077 Gateway Commerce Center Drive South, Edwardsville, Illinois.

20. The AXIS Policy's Declarations page provides as follows:

> NAMED INSURED:  Financial Processing Services, LLC
>
> MAILING ADDRESS:  12647 Olive Blvd Ste 510, St Louis, MO 63141
>
> \*     \*     \*
>
> BUSINESS DESCRIPTION   Lessors of Residential Buildings and Dwellings
>
> \*     \*     \*
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART     Premium $1905

21. The AXIS Policy expresses the "Description of Business" of the first named insured (Financial Processing Services, LLC) as follows:

> BUSINESS DESCRIPTION:  Lessors of Residential Buildings and Dwellings
>
> \*     \*     \*

| ALL PREMISES YOU OWN, RENT OR OCCUPY | |
| --- | --- |
| LOCATION NUMBER | ADDRESS OF ALL PREMISES YOU OWN, RENT OR OCCUPY |
| Per schedule of locations on file with carrier. | |

22. The AXIS Policy's Commercial General Liability Coverage Form (CG 00 01) provides as follows:

> **SECTION I – COVERAGES**
>
> **COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**

5

      a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

23.    The AXIS Policy's "Schedule of Named Insureds" endorsement provides:

**SCHEDULE OF NAMED INSUREDS**

The Commercial General Liability COVERAGE PART Declarations Page is amended to add the following Named Insureds:

\*     \*     \*

TriStar Property Associates, LLC

24.    The AXIS Policy's "Designated Premises Project or Operation" endorsement provides:

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES, PROJECT OR OPERATION**

\*     \*     \*

SCHEDULE

**Premises**:
Refer to Form SI112 for All locations

\*     \*     \*

A. If this endorsement is attached to Commercial General Liability Coverage Form **CG 00 01**, the provisions under this Paragraph A. apply:

  1. Paragraph 1.b under **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

  **b.** This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

    (1) The "bodily injury" or "property damage":

      (a) Occurs on the premises shown in Schedule or the grounds and structures appurtenant to those premises; or

6

(b) Arises out of the project or operation shown in the Schedule;

25. The AXIS Policy's "Schedule of Locations" endorsement, form SI 112 (09-15), provides:

### SCHEDULE OF LOCATIONS

\*   \*   \*

The policy Declarations page is amended as respects Location of all premises you own, rent or occupy to include the following:

[Listing 26 locations, none of which is the Amazon "Distribution Center" located

in Edwardsville, Illinois]

26. The AXIS Policy's "Real Estate Development Activities Exclusion" provides:

### REAL ESTATE DEVELOPMENT ACTIVITIES EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

The following exclusion is **added to 2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage, Liability, Coverage B – Personal And Advertising Injury Liability And Coverage C – Medical Payments**:

This insurance does not apply to:

"Bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of, resulting from, related to, or in any way connected to "real estate development activities" by or on behalf of any "insured".

As used in this exclusion, "real estate activities" shall mean the design, site preparation, construction, marketing or sales of any real estate owned by any "insured", including wrecking or demolition of any building or structure (including, but not limited to, those used for residential, commercial, agricultural or industrial purposes).

All other provisions of the policy remain unchanged.

27. The AXIS Policy's completed operations exclusion provides:

### COMMERCIAL GENERAL LIABILITY

THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.

7

**EXCLUSION – PRODUCTS-COMPLETED OPERATIONS HAZARD**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART.

This insurance does not apply to "bodily injury" or "property damage" included within the "products-completed operations hazard."

28. The AXIS Policy includes the following definition of completed operations:

16. "Products-completed operations hazard":

   a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

   \*   \*   \*

   (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

      (a) When all of the work called for in your contract has been completed.

      (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

      (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

29. The AXIS Policy also includes seven (7) "Policy Change" endorsements, none of which list the address or location of the Amazon Distribution Center.

**TriStar's Notice To AXIS And Other Insurers Of The Edwardsville Tornado Actions And Potential Claims**

30. The *McEwen* Complaint was filed on January 18, 2022.

31. TriStar provided its first notice of the *McEwen* Action to AXIS by email on January 25, 2022.

32. McEwen filed a Second Amended Complaint on March 28, 2022. See Exhibit 1.

33. On July 7, 2022, TriStar provided notice to AXIS of the *Hickman* Action, *January* Action, Cope Claim, and Virden Claim.

34. Upon information and belief, TriStar has provided notice of the Edwardsville Tornado Actions and Potential Claims to one or more other insurers.

35. Upon information and belief, one or more insurers other than AXIS have agreed to and are defending and/or have agreed to pay the defense costs of TriStar in the Edwardsville Tornado Actions and Potential Claims.

## Count I
## Declaratory Judgment – No Coverage For The Edwardsville Tornado Actions And Potential Claims Under The AXIS Policy

36. AXIS realleges paragraphs 1-35 and incorporates each herein as though fully restated.

37. The Edwardsville Tornado Actions and Potential Claims arises from, and seek recovery for, injuries and death(s), which occurred at the Amazon Distribution Center in Edwardsville, Illinois.

38. The Amazon Distribution Center is not an identified, designated, or scheduled location under the AXIS Policy.

39. The AXIS Policy was written and priced to provide coverage for otherwise covered and non-excluded bodily injury resulting from occurrences taking place on premises owned, rented or occupied by AXIS Policy first named insured, Financial Processing Services, LLC.

40. Upon information and belief, the first named insured under the AXIS Policy, Financial Processing Services, LLC, had no role or connection in the development or construction of the Amazon Distribution Center in Edwardsville, Illinois.

41. Neither the AXIS Policy, the allegations of the Edwardsville Tornado Actions, information contained in the Potential Claims, nor matters publicly available, establish any connection between Financial Processing Services, LLC and the Amazon Distribution Center in Edwardsville, Illinois.

42. The AXIS Policy's "Limitation of Coverage to Designated Premises, Project or Operation" endorsement precludes coverage of the Edwardsville Tornado Actions and Potential Claims because they allege injuries or death(s) occurring at the Amazon Distribution Center in Edwardsville, Illinois which is not a scheduled location on form SI 112 (09-15) of the AXIS Policy.

43. The AXIS Policy's "Real Estate Development Exclusion" precludes coverage for the allegations of the Edwardsville Tornado Actions and Potential Claims because the injuries or death(s) are alleged to have resulted from TriStar's development of the Amazon Distribution Center.

44. The "Exclusion-Products Completed Operations Hazard" precludes coverage for the Edwardsville Tornado Actions because the work of TriStar at the Amazon Distribution Center was complete years prior to December 10, 2021, the date of the injuries or death(s).

45. AXIS received a premium of $1905 for the AXIS Policy (not including the broker's service fee and a surplus lines tax). The AXIS Policy was priced to provide coverage for Financial Processing Services, LLC, and other named insureds, in connection with Financial Processing's business, as reflected in the Policy Declarations Page, as: "Lessors of Residential Buildings and Dwellings."

46. The Amazon Distribution Center is a commercial facility, not a residential building or dwelling.

47. For the reasons set forth in paragraphs 37-46, the AXIS Policy affords no coverage for the Edwardsville Tornado Actions and Potential Claims, and AXIS has no duty to defend and no duty to indemnify TriStar.

48. TriStar disputes AXIS' position that it owes no duty to defend and/or indemnify TriStar with respect to the Edwardsville Tornado Actions and Potential Claims.

49. There is an actual and ripe dispute and controversy between AXIS and TriStar regarding the duties and obligations of AXIS, if any, under the AXIS Policy with respect to the Edwardsville Tornado Actions and Potential Claims.

50. AXIS requests a declaration from this Court that it owes no duty to defend and/or indemnify TriStar respect to the Edwardsville Tornado Actions and Potential Claims.

WHEREFORE, Plaintiff, AXIS Surplus Insurance Company, respectfully requests judgment as follows:

A. That the Court determine and declare that AXIS has no duty to defend and duty to indemnify TriStar under the AXIS Policy with respect to the Edwardsville Tornado Actions and Potential Claims;

B. That the Court determine and declare that AXIS will have no duty to defend or indemnify TriStar under the AXIS Policy with respect to any future lawsuits alleging injuries or damages which took place at the Amazon Distribution Center on December 10, 2021; and

C. That the Court award AXIS such other and further relief as is just and proper under the circumstances.

## Count II
## Declaratory Judgment – AXIS Policy
## Excess Of Other Applicable Insurance

51. AXIS realleges paragraphs 1-35 and incorporates each herein as though fully restated.

52. On information and belief, TriStar has tendered the Edwardsville Tornado Actions and Potential Claims to another insurer (or insurers) which have agreed to defend and/or indemnify TriStar in the Edwardsville Tornado Actions and Potential Claims.

53. The AXIS Policy, "SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS", provides:

> **4. Other Insurance**
>
> If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:
>
> **a. Primary Insurance**
>
> This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.
>
> **b. Excess Insurance**
>
> **(1)** This insurance is excess over: …
>
>     **(b)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.
>
> **(2)** When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

54. In the alternative to Count I, and for the reasons stated in paragraphs 52-53, if this Court determines that the AXIS Policy provides coverage for defense costs and/or indemnity to

12

TriStar for the Edwardsville Tornado Actions and Potential Claims, then AXIS seeks a declaration that the AXIS Policy is excess to all other applicable insurance policies providing coverage to TriStar for the same.

55. TriStar disputes AXIS' position the AXIS Policy would be excess to all other applicable insurance if the Court finds the AXIS Policy provides coverage for defense costs and/or indemnity for TriStar in connection with the Edwardsville Tornado Actions and Potential Claims.

56. There is an actual and ripe dispute and controversy between AXIS and TriStar regarding the duties and obligations of AXIS, if any, under the AXIS Policy with respect to the Edwardsville Tornado Actions and Potential Claims.

57. AXIS requests a declaration from this Court that, if the AXIS Policy provides defense and/or indemnity to the Edwardsville Tornado Actions and Potential Claims, the AXIS Policy applies in excess of all other insurance available to TriStar.

WHEREFORE, in the alternative to Count I, Plaintiff, AXIS Surplus Insurance Company, respectfully requests judgment as follows:

A. That the Court determine and declare the AXIS Policy is excess to all other insurance providing defense and/or indemnity to TriStar for the Edwardsville Tornado Actions and Potential Claims;

B. That the Court determine and declare that the AXIS Policy is excess to all other insurance policies providing defense and indemnity to TriStar with respect to any future lawsuits alleging injuries or damages which took place at the Amazon Distribution Center on December 10, 2021; and

C. That the Court award AXIS such other and further relief as is just and proper under the circumstances.

Respectfully submitted,

**SKARZYNSKI MARICK & BLACK LLP**
By: */s/ Michael M. Marick*
Attorney for Plaintiff,
AXIS Surplus Insurance Company
Michael M. Marick
Andrew J. Candela
Skarzynski Marick & Black LLP
353 N. Clark Street, Suite 3650
Chicago, IL 60654
(312) 946-4200
mmarick@skarzynski.com
acandela@skarzynski.com

and

**BROWN & JAMES, P.C.**

By: */s/ Russell F. Watters*
Attorney for Plaintiff,
AXIS Surplus Insurance Company
Russell F. Watters Brown & James, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101
(314) 421-3400
rwatters@bjpc.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 15, 2022, the foregoing was served via the Court's CM/ECF system on all counsel of record.

                                                  */s/Dorothy Gaicki*

4883-1277-7769, v. 1