# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| AXIS SURPLUS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:22-cv-00328 |
| | ) | |
| vs. | ) | |
| | ) | |
| TRISTAR COMPANIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND COUNTERCLAIM

The present lawsuit was filed by Axis Surplus Insurance Company ("Axis") seeking a declaratory judgment that a policy it issued to TriStar Companies, LLC ("Tristar") does not provide coverage for an underlying lawsuit brought against TriStar arising out of alleged injuries and wrongful death occurring at an Amazon warehouse in Edwardsville, Illinois that was struck by a tornado on or about December 10, 2021. TriStar filed a Counterclaim in this action seeking a declaratory judgment for coverage under the policy as well as damages incurred by reason of Axis refusing to provide coverage. Since the filing of the Complaint and Counterclaim, TriStar has been named a defendant in additional lawsuits and has been threatened with additional claims all alleging personal injuries and/or wrongful death arising from the same Amazon facility on December 10, 2021. TriStar therefore brings its Motion for Leave to amend its Counterclaim to make it clear that it also seeks a determination of coverage for these additional claims as well as damages for the same.

## Legal Standards

Rule 15(a) provides the Court should grant leave to amend a pleading "when justice so requires." "Under the liberal amendment policy of Rule 15(a), a district court's denial of leave

to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving partly [sic], or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). "Factors to consider in determining whether leave to amend should be granted include…(1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile." *Thebeau v. CitiMortgage, Inc.*, 2016 WL 4011647 *3 (E.D. Mo. 2016).

In considering whether leave to amend should be granted, the Eighth Circuit has noted a preference "to decide claims on their merits instead of on their pleadings." *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999). Accordingly, "parties should usually be given at least one chance to amend..." *Id*.

**Argument**

**A. TriStar is Acting in Good Faith**

The present motion is brought in good faith and in response to claims not yet asserted at the time of the filing of TriStar's Counterclaim. Following the filing of the Counterclaim, TriStar was named a defendant in additional lawsuits and was threatened with additional claims all involving allegations of personal injury or wrongful death arising from the same accident giving rise to the coverage dispute already at issue in the Complaint and Counterclaim. TriStar merely requests leave to amend its Counterclaim to make it clear that it should be provided coverage under the insurance policy not only for the underlying lawsuit existing at the time the Complaint and Counterclaim were filed but for additional claims arising out of the same

accident. TriStar does not seek to make any changes to its answer or affirmative defense pled in response to Axis' Complaint. This motion is not made in bad faith or to prejudice any party.

### B. TriStar has not Acted with Undue Delay

TriStar has not acted with undue delay. The June 16, 2022 Case Management Order provides that motions to amend pleadings shall be filed on or before July 15, 2022. This motion is filed within the deadline set forth in the Case Management Order and is brought in a reasonable time after TriStar became aware of the additional claims in April and June of 2022.

### C. No Undue Prejudice will Result

No prejudice will result in the filing of the Counterclaim. Axis has already been provided notice of the additional claims asserted against TriStar. Indeed, Axis has already identified documents related to additional claims in its Initial Disclosures. Furthermore, the parties have only recently exchanged Initial Disclosures and written discovery. No depositions have been taken and the case remains in early discovery.

### D. The Proposed Amended Counterclaim Is not Futile

As stated above, the Amended Counterclaim seeks a declaratory judgment and damages related to additional claims for coverage arising out of the same underlying accident. Axis already acknowledge the coverage dispute with respect to this accident and insurance policy by filing the Complaint in this action. The Amended Counterclaim does not change the legal theories pleaded in this case, instead adding only additional facts and relief to an already viable claim.

**Conclusion**

For the reasons set forth above, TriStar requests this Court grant leave to file the proposed Amended Answer, Affirmative Defenses, and Counterclaim filed contemporaneously herewith.

Respectfully submitted,

**BLITZ, BARDGETT & DEUTSCH, LC**

By: /s/ *Christopher O. Bauman*
Robert D. Blitz, #24387MO
Christopher O. Bauman, #52480MO
120 S. Central Ave., Ste. 1500
St. Louis, MO 63105
Telephone: (314) 863-1500
Facsimile: (314) 863-1877
Email: rblitz@bbdlc.com
Email: cbauman@bbdlc.com

*Attorneys for TriStar Companies, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 15, 2022, the foregoing was served via the Court's CM/ECF system on all counsel of record.

/s/ *Christopher O. Bauman*