# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| AXIS SURPLUS INSURANCE COMPANY, | ) |
| Plaintiff/Counter-Defendant, | ) Case No. 4:22-cv-00328 |
| v. | ) |
| TRISTAR COMPANIES, LLC, | ) |
| Defendant/Counter-Plaintiff. | ) |

## AXIS SURPLUS INSURANCE COMPANY'S AMENDED ANSWER
## TO TRISTAR COMPANIES LLC'S AMENDED COUNTERCLAIM[1]

Plaintiff/Counter-Defendant AXIS Surplus Insurance Company, by and through the undersigned counsel, files this Amended Answer to TriStar Companies LLC's Amended Counterclaim, and states as follows:

1. Counterclaim Plaintiff TriStar Companies, LLC ("TriStar") is a Missouri limited liability company with its principal place of business in Missouri.

**ANSWER:** Admitted.

2. Counterclaim Defendant Axis Surplus Insurance Company ("Axis") is an Illinois corporation with a principal place of business in Georgia.

**ANSWER:** Admitted.

### Background

3. At all times relevant herein, TriStar was a named insured under the commercial general liability Policy No. ESC90071 ("Policy") issued by Axis. A true and accurate copy of the Policy is attached to Axis' Amended Complaint as Exhibit 4.

---

[1] While TriStar did not caption its Counterclaim as an Amended Counterclaim, TriStar included additional allegations in its counterclaim filed on July 27, 2022 not found in its initial counterclaim. AXIS treats TriStar's July 27, 2022 filing as an Amended Counterclaim.

**ANSWER:** AXIS admits that a true and correct copy of the Policy is attached to its Amended Complaint as Exhibit 4, and that, subject to all other terms, conditions, limitations, and exclusions, the Policy identifies "TriStar Property Associates LLC" as "named insured" on Endorsement form SI 109 (06-16).

4. On or about January 18, 2022, TriStar Properties, LLC was named as a defendant in a wrongful death lawsuit pending in the Circuit Court for the Third Judicial Circuit in Madison County, Illinois and captioned *Alice McEwen v. Amazon.com, Inc. et al.*, Cause No. 2022LA000055 ("McEwen Action"). A true and accurate copy of the Second Amended Complaint filed in the McEwen Action is attached to Axis' Amended Complaint as Exhibit 1.

**ANSWER:** Admitted.

5. On or about April 19, 2022, TriStar Properties, LLC was named as a defendant in a wrongful death lawsuit pending in the Circuit Court for the Third Judicial Circuit in Madison County, Illinois and captioned *Deon January v. Amazon.com, Inc. et al.*, Case No. 2022-LA-00511 ("January Action"). A true and accurate copy of the Complaint in the January Action is attached to Axis' Amended Complaint as Exhibit 2.

**ANSWER:** Admitted.

6. On or about April 19, 2022, TriStar Properties, LLC was named as a defendant in a personal injury lawsuit pending in the Circuit Court for the Third Judicial Circuit in Madison County, Illinois and captioned *Hickman et al. v. Amazon.com, Inc. et al.*, Case No. 2022-LA-00510 ("Hickman Action"). A true and accurate copy of the Complaint in the Hickman Action is attached to Axis' Amended Complaint as Exhibit 3.

**ANSWER:** Admitted.

7. Collectively, the McEwen Action, the January Action, and the Hickman Action are referred to as the "Underlying Lawsuits."

**ANSWER:** Admitted.

8. Upon information and belief, the allegations against Tristar Properties, LLC in the Underlying Lawsuits were intended to be against TriStar Property Associates, LLC. TriStar Property Associates, LLC is the previous name for TriStar and is the same entity.

**ANSWER:** AXIS lacks sufficient knowledge to admit or deny the allegation contained in Paragraph 8 of the Amended Counterclaim and on that basis denies that allegation.

9. On June 1, 2022, TriStar was also provided notice of threatened claims being made related to the alleged wrongful death of Clayton Cope and Larry Virden ("Threatened Claims").

**ANSWER:** AXIS lacks sufficient knowledge to admit or deny the allegation contained in Paragraph 9 of the Amended Counterclaim and on that basis denies that allegation.

10. The Underlying Lawsuits and the Threatened Claims arise out of injuries and deaths allegedly sustained at an Amazon warehouse in Edwardsville, Illinois following the warehouse being struck by a tornado on or about December 10, 2021 ("Accident").

**ANSWER:** Admitted.

11. TriStar has provided notice of the Underlying Lawsuits and the Threatened Claims to Axis and demanded coverage under the Policy.

**ANSWER:** Admitted.

12. On or about February 15, 2022, Axis provided notice that it was declining coverage under the Policy for the McEwen Action.

**ANSWER:** Denied. Further answering, AXIS denied coverage upon the filing this lawsuit.

13. Upon information and belief, Axis has already declined or plans to decline coverage for the Hickman Action, January Action, and the Threatened Claims.

**ANSWER:** Admitted.

3

14. On or about March 28, 2022, a Second Amended Complaint was filed in the McEwen Action against, among others, TriStar Property Associates, LLC. A true and accurate copy of the Second Amended Complaint is attached to Axis' Amended Complaint as Exhibit 1.

**ANSWER:** AXIS admits that the Second Amended Complaint in the McEwen Action is attached as Exhibit 1 to its Amended Complaint. AXIS lacks sufficient knowledge to admit or deny the remaining allegations of Paragraph 14 and on that basis, AXIS denies those allegations.

15. Upon information and belief, additional claims arising out of the Accident are being contemplated against TriStar, and Axis plans to refuse coverage for any such claims.

**ANSWER:** AXIS lacks sufficient knowledge to admit or deny the allegation contained in Paragraph 15 of the Amended Counterclaim and on that basis, AXIS denies that allegation.

16. Jurisdiction and venue are proper in this Court pursuant to §§ 506.500.1(1), 506.500.1(5), and 508.010.2(4) RSMo.

**ANSWER:** Admitted.

## Count I – Declaratory Judgment

17. TriStar realleges, restates, and incorporates by reference the allegations contained in paragraphs 1 through 16 as if more fully set forth herein.

**ANSWER:** AXIS restates and incorporates its answers to Paragraphs 1 through 16 as if they were fully set forth herein.

18. This case involves a justiciable controversy as to whether there is coverage for TriStar under the Policy for the claims raised in the Underlying Lawsuits and the Threatened Claims.

**ANSWER:** Admitted.

19. A determination of whether there is coverage under the Policy is ripe for adjudication as TriStar maintains there is coverage and Axis has denied coverage.

4

**ANSWER:** Admitted.

20. TriStar has no adequate remedy at law.

**ANSWER:** Paragraph 20 states a legal conclusion and thus no answer is required. To the extent an answer is required, AXIS denies the allegation contained in Paragraph 20.

21. The Policy includes the following Insuring Agreement, in pertinent part:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages.

The Insuring Agreement further indicates that "[t]his insurance applies to 'bodily injury'…only if…(1) [t]he 'bodily injury'…is caused by an 'occurrence' that takes place in the 'coverage territory; (2) [t]he 'bodily injury' occurs during the policy period; and (3) [p]rior to the policy period, no insured…knew that the 'bodily injury'…had occurred…"

**ANSWER:** AXIS admits that the provisions quoted in Paragraph 21 are contained in the Policy. Further answering, the rights and obligations of TriStar and AXIS are governed by all terms, conditions, limitations, and exclusions to the Policy and AXIS denies that the provisions in Paragraph 21 afford coverage to TriStar in the Underlying Lawsuits and the Threatened Claims.

22. The Underlying Lawsuits and Threatened Claims involve claims that are potentially covered by the Policy, thereby triggering Axis' duty to defend TriStar.

**ANSWER:** Denied.

23. First, the Underlying Lawsuits and Threatened claims allege bodily injury caused by an occurrence in the coverage territory. "Bodily injury" is defined by the Policy to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time" and to include "damages claimed by any person or organization for care, loss of services or death resulting at any time from the 'bodily injury.'" The McEwen Action, January Action, and Threatened Claims contain allegations that decedents suffered injuries and resulting

5

death as well as damages for loss of society and companionship. The Hickman Action contains allegations that the plaintiffs sustained, among other things, "devastating physical and emotional injuries."

**ANSWER:** AXIS admits that the provisions quoted in Paragraph 23 are contained in the Policy. Further answering, the rights and obligations of TriStar and AXIS are governed by all terms, conditions, limitations, and exclusions to the Policy and AXIS denies that the provisions quoted in Paragraph 23 afford coverage to TriStar for the Underlying Lawsuits and the Threatened Claims.

24. "Occurrence" under the policy means "an accident…" The Underlying Lawsuits and Threatened Claims allege injuries and/or deaths caused by the destruction of a warehouse after being struck by a tornado.

**ANSWER:** AXIS admits that the provision quoted in Paragraph 24 is contained in the Policy. Further answering, the rights and obligations of TriStar and AXIS are governed by all terms, conditions, limitations, and exclusions to the Policy and AXIS denies that the provisions quoted in Paragraph 24 afford coverage to TriStar for the Underlying Lawsuits and the Threatened Claims.

25. The Policy defines "coverage territory" to include "[t]he United States of America." Here, the Underlying Lawsuits and Threatened Claims allege injuries occurring in Illinois.

**ANSWER:** AXIS admits that the provision quoted in Paragraph 25 is contained in the Policy. Further answering, the rights and obligations of TriStar and AXIS are governed by all terms, conditions, limitations, and exclusions to the Policy and AXIS denies that the provisions quoted in Paragraph 25 afford coverage to TriStar for the Underlying Lawsuits and the Threatened Claims. AXIS admits that the Underlying Lawsuits and the Threatened Claims allege bodily injury occurring in Illinois.

26. Second, the policy period was from June 1, 2021 through June 1, 2022. The injuries alleged in the Underlying Lawsuits and Threatened Claims occurred on or about December 10, 2021, within the policy period.

**ANSWER:** Admitted.

27. Finally, no insured under the Policy had knowledge of the injuries that had not yet occurred prior to the policy period.

**ANSWER:** AXIS lacks sufficient information to admit or deny the allegation of Paragraph 27 and on that basis denies Paragraph 27.

28. No Policy exclusions or provisions exclude coverage for the claims in the Underlying Lawsuit.

**ANSWER:** Denied.

29. TriStar requests that the Court enter judgment declaring the following:

   i. The Court declare that the McEwen Action alleges facts that give rise to a claim potentially within the Policy's coverage;

   ii. The Court declare that the January Action alleges facts that give rise to a claim potentially within the Policy's coverage;

   iii. The Court declare that the Hickman Action alleges facts that give rise to a claim potentially within the Policy's coverage;

   iv. That the Threatened Claims involve allegations that give rise to a claim potentially within the Policy's coverage; and

   v. The Court declare that Axis has a duty to defend TriStar in the Underlying Lawsuits, Threatened Claims, and any other claims arising out of the Accident.

**ANSWER:** AXIS denies that TriStar is entitled to the relief it requests in Paragraph 29.

WHEREFORE, AXIS respectfully requests this Court enter judgment on Count I of TriStar's Amended Counterclaim in AXIS' favor and grant AXIS any and all other relief the Court deems just under the circumstances.

## Count II – Breach of Contract

30. TriStar realleges, restates, and incorporates by reference the allegations contained in paragraphs 1 through 29 as if more fully set forth herein.

**ANSWER:** AXIS restates and incorporates its answers to Paragraphs 1 through 29 as if they were set forth herein.

31. TriStar is a named insured under the Policy.

**ANSWER:** AXIS admits that subject to all other terms, conditions, limitations and exclusions, the Policy identifies "TriStar Property Associates, LLC" as "named insured" on Endorsement form SI 109 (06-16).

32. The Policy provides coverage for the claims made against TriStar in the Underlying Lawsuits and Threatened Claims.

**ANSWER:** Denied.

33. TriStar provided notice of the Underlying Lawsuits and Threatened Claims and has otherwise complied with all terms in the Policy.

**ANSWER:** Denied.

34. Axis has refused to defend TriStar in the Underlying Lawsuits and Threatened Claims.

**ANSWER:** Admitted.

35. Axis' refusal to defend TriStar constitutes a breach of contract.

**ANSWER:** Denied.

36. As a result of Axis' breach, TriStar has sustained damages in the form of attorneys' fees and other expenses incurred in defending itself in the Underlying Lawsuits and Threatened Claims.

**ANSWER:** Denied.

37. Axis' refusal to defend TriStar and pay TriStar's defense costs i is without reasonable cause or excuse and is therefore vexatious, entitling TriStar to additional damages in the amount of:

    a. Twenty percent of the first fifteen hundred dollars awarded;

    b. Ten percent of any amount awarded in excess of fifteen hundred dollars; and

    c. Reasonable attorneys' fees and costs incurred in prosecuting this suit.

**ANSWER:** AXIS denies that TriStar is entitled to the relief it requests in Paragraph 37.

WHEREFORE, AXIS requests this Court enter judgment on Count II of TriStar's Amended Counterclaim in AXIS' favor and grant AXIS any and all other relief the Court deems just under the circumstances.

Respectfully submitted,

**SKARZYNSKI MARICK & BLACK LLP**

By: */s/ Michael M. Marick*

Attorney for Plaintiff, AXIS Surplus Insurance Company
Michael M. Marick
Andrew J. Candela
Skarzynski Marick & Black LLP
353 N. Clark Street, Suite 3650
Chicago, IL 60654
(312) 946-4200
mmarick@skarzynski.com
acandela@skarzynski.com

and

**BROWN & JAMES, P.C.**

By: */s/ Russell F. Watters*
Attorney for Plaintiff, AXIS Surplus Insurance Company
Russell F. Watters Brown & James, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101
(314) 421-3400
rwatters@bjpc.com