IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
MISSOURI

| | |
|---|---|
| AXIS SURPLUS INSURANCE COMPANY, ) ) ) Plaintiff/Counter-Defendant, ) ) v. ) ) TRISTAR COMPANIES, LLC ) ) Defendant/Counter-Plaintiff. ) | Cause No.: 22-cv-00328<br><br>Hon. Audrey G. Fleissig |

**AXIS SURPLUS INSURANCE COMPANY'S**
**MOTION FOR SUMMARY JUDGMENT**

Plaintiff and Counter-Defendant, AXIS Surplus Insurance Company ("AXIS"), moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 4.01, on Count I of AXIS' Amended Complaint for Declaratory Judgment and Counts I and II of TriStar Companies LLC's ("TriStar") Amended Counterclaim. This motion is supported by the Memorandum in Support, Statement of Undisputed Material Facts, and accompanying evidence. In support of this motion, AXIS states as follows:

1.  In this action, AXIS seeks a declaration that a policy of primary commercial general liability insurance (the "AXIS Policy") issued to Financial Processing Services LLC affords no coverage to TriStar for several pending, threatened and future lawsuits alleging wrongful death or injuries based on TriStar's role in building, developing, or constructing an Amazon distribution center in Edwardsville, Illinois (the "Amazon Warehouse") where a tornado struck on December 10, 2021 (collectively the pending, threatened and future lawsuits are the "Amazon Warehouse Claims").

2. As discussed in greater detail in AXIS' memorandum in support of this motion, AXIS policy number ESC 90071 issued to the first named insured, Financial Processing Services, LLC, does not provide defense or indemnity coverage for the Amazon Warehouse Claims because (1) TriStar cannot demonstrate the Amazon Warehouse Claims fall within the limited grant of coverage provided by the AXIS Policy; and (2) the claims are precluded by several exclusions, each of which independently preclude coverage.

3. The AXIS Policy, Section 1, Coverage A, is subject to a Limitation of Coverage To Designated Premises, Project, or Operation Endorsement limiting coverage to "bodily injury" only if the "bodily injury…occurs on the premises shown in the Schedule or grounds and structures appurtenant to those premises" or "arises out of the project or operation shown in the Schedule." It is undisputed that the Amazon Warehouse is not listed on the Schedule of Locations and was not added by any Policy Change Order. Because the "bodily injury" does not arise out of a scheduled location, TriStar cannot meet its burden of proving the underlying Amazon Warehouse Claims come within the scope of coverage provided by the AXIS Policy.

4. The AXIS Policy is also subject to four exclusions which each, separately and independently, preclude coverage for the Amazon Warehouse Claims as a matter of undisputed fact and law.

5. First, the AXIS Policy's Products-Completed Operations Hazard Exclusion precludes "bodily injury" included within the definition of the "products-completed operations hazard." The "products-completed operations hazard" includes "bodily injury and property damage occurring away from premises" TriStar owns and arising out of TriStar's completed "work." There is no genuine issue of material fact that the Amazon Warehouse Claims occurred away from a premises TriStar owned or rented. There is also no genuine issue of material fact that

the Amazon Warehouse Claims arise out TriStar's "work" at the Amazon Warehouse and such "work" had been completed per the terms of "products-completed operations hazard" at the time the AXIS Policy incepted on June 1, 2021. Accordingly, there is no coverage for the Amazon Warehouse Claims because they fall within the definition of the "products-completed operations hazard" and that hazard is specifically excluded from coverage under the AXIS Policy.

6. Second, the Classification Limitation Exclusion precludes "bodily injury…arising of any operations that are not classified or shown on the Declarations of this Policy." Both locations which TriStar may claim could arguably include the Amazon Warehouse are classified as "vacant land." Accordingly, even if the Amazon Warehouse were encompassed by the two scheduled locations TriStar contends (they are not), it would only have coverage to the extent those properties were operated as "vacant land." It is undisputed the Amazon Warehouse Claims do not arise out of the use of the listed locations as "vacant land" and are therefore excluded from coverage under the AXIS Policy.

7. Third, the Designated Professional Services Exclusion precludes all coverage for "bodily injury…due to the rendering or failure to render any professional service." The exclusion further applies to the supervision or hiring of those rendering or failing to render any professional service. It is undisputed that the Amazon Warehouse Claims seeks "bodily injury" due to TriStar's, or a third-party TriStar hired, rendering or failure to render a professional service. The Amazon Warehouse Claims all seek to hold TriStar liable based on its alleged role in building, developing, or constructing the Amazon Warehouse. Accordingly, the Amazon Warehouse Claims are precluded from coverage under the AXIS Policy by the Designated Professional Services Exclusion.

8.      Fourth, the Real Estate Development Activities Exclusion precludes "bodily injury…arising out of, resulting from, related to, or in any way connected to 'real estate development activities' by or on behalf of any 'insured.'"  The Amazon Warehouse Claims all seek to hold TriStar liable based on its alleged role in building, developing, or constructing the Amazon Warehouse which constitute "real estate development activities" and are therefore excluded from coverage under the AXIS Policy.

9.      Based on the above AXIS Policy terms, conditions, endorsements, and exclusions, AXIS seeks summary judgment on Count I of its Amended Complaint for Declaratory Judgment, and on Counts I and II of TriStar's Amended Counterclaims, because it is undisputed that the AXIS Policy does not provide for the defense or indemnity of the Amazon Warehouse Claims as a matter of undisputed fact and law.

WHEREFORE, Plaintiff, AXIS Surplus Insurance Company, respectfully requests that the Court grant this motion; enter judgment in its favor on Count I of its Amended Complaint for Declaratory Judgment and Counts I and II of TriStar's Amended Counterclaim; and declare that the AXIS Policy does not provide for defense or indemnity to TriStar for any Amazon Warehouse Claims.

Respectfully submitted,

**SKARZYNSKI MARICK & BLACK LLP**

By: */s/ Michael M. Marick*

Attorney for Plaintiff, AXIS Surplus Insurance Company
Michael M. Marick
Andrew J. Candela
Skarzynski Marick & Black LLP
353 N. Clark Street, Suite 3650
Chicago, IL 60654
(312) 946-4200
mmarick@skarzynski.com
acandela@skarzynski.com

    and

    **WATTERS WOLF BUB HANSMANN**

    By: */s/ Russell F. Watters*
    Attorney for Plaintiff, AXIS Surplus Insurance Company
    Russell F. Watters
    Watters Wolf Bub Hansmann
    600 Kellwood Parkway
    Suite #120
    St. Louis, MO 63017
    (636) 798-0570
    Rwatters@wwbhlaw.com

### **CERTIFICATE OF SERVICE**

The undersigned certifies that on October 31, 2022, the foregoing was served via the Court's CM/ECF system on all counsel of record and via email.

                                        */s/ Michael M. Marick*