IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
MISSOURI

| | |
|---|---|
| AXIS SURPLUS INSURANCE COMPANY, )<br>)<br>Plaintiff/Counter-Defendant, )<br>)<br>v. )<br>)<br>TRISTAR COMPANIES, LLC )<br>)<br>Defendant/Counter-Plaintiff. ) | Cause No.: 22-cv-00328<br><br>Hon. Audrey G. Fleissig |

**AXIS SURPLUS INSURANCE COMPANY'S**
**<u>RULE 4.01(E) STATEMENT OF UNDISPUTED MATERIAL FACTS</u>**

Plaintiff and Counter-Defendant, AXIS Surplus Insurance Company ("AXIS"), pursuant to Local Rule 4.01(E) hereby submits this Statement of Undisputed Material Facts ("SUMF") in support of its Motion for Summary Judgment. This SUMF is supported by the Affidavit of Andrew J. Candela, the Affidavit of Rebecca Lipes, the exhibits attached in support of AXIS' Motion for Summary Judgment, and the pleadings and other filings of record in this matter.

1.    AXIS issued a policy of commercial general liability to the named insured, Financial Processing Services, LLC, policy number ESC90071, effective June 1, 2021 – June 1, 2022 ("the AXIS Policy"). AXIS Amended Complaint for Declaratory Judgment, ECF 1-2.

2.    A true and correct copy of the AXIS Policy is part of the record before this Court. See TriStar's Answer, Affirmative Defenses and Counterclaim to AXIS' Complaint, ECF 8 at pageID #140, ¶12; TriStar's Answer, Affirmative Defenses, and Amended Counterclaim to AXIS' Amended Complaint, ECF 26 at page ID #712, ¶18.

1

3. The "Common Policy Declarations" page of the AXIS Policy reflects that at the time it was issued Financial Processing Services paid $1,905 for the AXIS Policy. AXIS Amended Complaint for Declaratory Judgment, ECF 1-2 at pageID #37.

4. The AXIS Policy is subject to limits of liability of $1,000,000 each occurrence and a general aggregate limit of $2,000,000. AXIS Amended Complaint for Declaratory Judgment, ECF 1-2 at pageID #36.

5. The Declarations of the AXIS Policy states, "BUSINESS DESCRIPTION: Lessors of Residential Buildings and Dwellings," and includes the following table:

| **ALL PREMISES YOU OWN, RENT OR OCCUPY** ||
|---|---|
| LOCATION NUMBER | ADDRESS OF ALL PREMISES YOU OWN, RENT, OR OCCUPY |
| Per schedule of locations on file with carrier. | |

AXIS Amended Complaint for Declaratory Judgment, ECF 1-2 at pageID #37.

6. The AXIS Policy contains a list of companies who have been added as "Named Insureds" and one of the included companies on the endorsement amending the "Schedule of Named Insureds" is TriStar Property Associates, LLC. AXIS Amended Complaint for Declaratory Judgment, ECF 1-2 at pageID #109. TriStar Property Associates LLC is the former name of TriStar. TriStar's Answer, Affirmative Defenses, Amended Counterclaim, ECF 26 at pageID #724, ¶5.

7. The AXIS Policy's Commercial General Liability Form (CG 00 01) provides as follows:

    **SECTION I – COVERAGES**

    **COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1. Insuring Agreement**

> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply….
>
> \*   \*   \*
>
> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
> > (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> > (2) The "bodily injury" "property damage" occurs during the policy period; and
>
> \*   \*   \*

AXIS Amended Complaint for Declaratory Judgment, ECF 1-2 at pageID #43.

8.      The AXIS Policy's Designated Premises Project or Operation Endorsement provides:

> THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.
>
> **LIMITATION OF COVERAGE TO DESIGNATED PREMISES, PROJECT OR OPERATION**
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> SCHEDULE
>
> **Premises**:
> Refer to Form SI112 for All locations
>
> \*   \*   \*
>
> A.  If this endorsement is attached to Commercial General Liability Coverage Form **CG 00 01**, the provisions under this Paragraph A. apply:

3

1. Paragraph 1.b under **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

**b.**  This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

(1)  The "bodily injury" or "property damage":

   (a)  Occurs on the premises shown in Schedule or the grounds and structures appurtenant to those premises; or

   (b)  Arises out of the project or operation shown in the Schedule;

*     *     *

AXIS Amended Complaint for Declaratory Judgment, ECF 1-2 at pageID #91.

9. The AXIS Policy's Schedule of Locations Endorsement, form SI112 (09-15), provides:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**SCHEDULE OF LOCATIONS**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**PRODUCTS/COMPLETED OPERATIONS COVERAGE PART**

The policy Declarations page is amended as respects Location of all premises you own, rent, or occupy to include the following:

2. 920 S Main St, Saint Charles, MO 63301

3. 300 S Main St, Saint Charles, MO 63301

5. Sec19/TWP 47N, Warrenton, MO 63383

8. Highway T Franklin County, Union, MO 63084

9. 1184 N Services Rd., Warrenton, MO 63084

10. Warrenton E, Warrenton, MO 63383

>    11. NE Quadrant Hwy 65 & AMP J, Ozark, MO 65721
>
>    12. St. Charles MO, Saint Charles, MO 63301
>
>    13. 207 Reservoir Ave, Saint Charles, MO 63301
>
>    15. 1881 S New Florissant Rd., Florissant, MO 63031
>
>    16. Hwy 270/255 & Hwy 111, Madison, IL 62060
>
>    19. 12647 Olive Blvd, St. Louis, MO 63141
>
>    20. 964 Grandview Ln, Pacific, MO 63069
>
>    21. Section 25, Township 45 North, Range 5 East of the Fifth Principal Meridian, Huntleigh, MO 63131
>
>    22. 2035 Old Gray Summit Rd, Pacific, MO 63069
>
>    23. Interstate 44 & Hwy 100, Gray Summit, MO 63039
>
>    25. Parcel #04-35-0-300-003, Lebanon, IL 62254
>
>    26. Long Meadows Road, Pacific, MO 63039
>
>    All other provisions of the policy remain unchanged.

AXIS Amended Complaint for Declaratory Judgment, ECF 1-2 at pageID #61-62.

10.     Location #16 on the "Schedule of Locations" contains the following description "Hwy 270/255 & Hwy 111, Madison, IL." AXIS Amended Complaint for Declaratory Judgment, ECF 1-2 at pageID #61. The Affidavit of Rebecca Lipes confirms this site is located in the Village of Pontoon, Illinois. Affidavit of Rebecca Lipes at ¶6-23.

11.     Location #16 is assigned an AXIS classification code of 49451, "Vacant Land-Other Than Not-For-Profit." See AXIS Amended Complaint for Declaratory Judgment, ECF 1-2 at pageID #37; Affidavit of Rebecca Lipes at ¶22.

12.     The AXIS Policy includes the following definition of "products-completed operations hazard":

>    **16.**    "Products-completed operations hazard":

5

    a.  Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        (1) Products that are still in your physical possession; or

        (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            (a) When all of the work called for in your contract has been completed.

            (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

            (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

AXIS Amended Complaint for Declaratory Judgment, ECF 1-2 at pageID #57.

    13.    The AXIS Policy defines "your work" as:

**a.** Means:

**(1)** Work or operations performed by you or on your behalf; and

**(2)** Materials, parts or equipment made at any time with respect to the fitness, quality, durability, performance or use of "your work; and

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

**(2)** The providing of or failure to provide warnings or instructions.

AXIS Amended Complaint for Declaratory Judgment, ECF 1-2 at pageID #58.

14. The AXIS Policy contains the following exclusion regarding the "products-completed operations hazard":

## COMMERCIAL GENERAL LIABILITY

THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.

### EXCLUSION – PRODUCTS-COMPLETED OPERATIONS HAZARD

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART.

This insurance does not apply to "bodily injury" or "property damage" included within the "products-completed operations hazard."

AXIS Amended Complaint for Declaratory Judgment, ECF 1-2 at pageID #86.

15. The AXIS Policy contains the following Classification Limitation Exclusion:

### CLASSIFICATION LIMITATION ENDORSEMENT

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE PART

I. It is agreed that the following exclusion is added as an item to SECTION 1 – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions and to COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions:

"Bodily injury", "property damage" or "personal or advertising injury" arising of any operations that are not classified or shown on the Declarations of this policy.

II. It is further agreed that this insurance applies only to "bodily injury", "property damage" or "personal and advertising injury" arising out of operations classified or shown on the Declarations.

All other provisions of the Policy remain unchanged.

AXIS Amended Complaint for Declaratory Judgment, ECF 1-2 at pageID #106.

7

16.     The Axis Policy contains the following Real Estate Development Activities Exclusion:

**REAL ESTATE DEVELOPMENT ACTIVITIES EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

The following exclusion is **added to 2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage, Liability, Coverage B – Personal And Advertising Injury Liability and Coverage C – Medical Payments**:

This insurance does not apply to:

"Bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of, resulting from, related to, or in any way connected to "real estate development activities" by or on behalf of any "insured".

As used in this exclusion, "real estate activities" shall mean the design, site preparation, construction, marketing or sales of any real estate owned by any "insured", including wrecking or demolition of any building or structure (including, but not limited to, those used for residential, commercial, agricultural or industrial purposes).

All other provisions of the policy remain unchanged.

AXIS Amended Complaint for Declaratory Judgment, ECF 1-2 at pageID #75.

17.     The AXIS Policy contains the following Professional Services Exclusion:

**EXCLUSION – DESIGNATED PROFESSIONAL SERVICES**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Description of Professional Services |
|---|
| 1. All Professional Services provided by the Insured. |
| 2. |
| 3. |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

8

> With respect to any professional services shown in the Schedule, the following exclusion is added to Paragraph **2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:**
>
> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" due to the rendering of or failure to render any professional service.
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training, or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury" involved the rendering of or failure to render any professional service.

AXIS Amended Complaint for Declaratory Judgment, ECF 1-2 at pageID #88.

18. On June 29, 2021 TriStar requested "E-1255, W. SAND RD., N. 1-270, S. Hwy 270-255 + Hwy 111 EDWARDSVILLE IL 62025" be added to the AXIS Policy. Affidavit of Rebecca Lipes at ¶¶24-25. Policy Change Number 1 of the AXIS Policy states:

> In consideration of an Additional premium of $33.00 and taxes $1.65, it is hereby agreed that the following change is made to the policy:
>
> The following location is added to the policy:
>
> Location #17:
> E-1255, W. SAND RD., N. 1-270, S. Hwy 270-255 + Hwy 111
> EDWARDSVILLE IL 62025
>
> The following Class Code is added to Location #17:
> Class Code: 49451 – Vacant Land – Other than Not-For Profit
> Exposure: 26 Units
>
> The following is added as Additional Named Insured per attached form SI 109 (06-16) – SCHEDULE OF NAMED INSUREDS:
>
> Gateway 210 Owner, LLC
>
> All other terms and conditions remain unchanged.

AXIS Amended Complaint for Declaratory Judgment, ECF 1-2 at pageID #108.

9

19. The Class Code for Location #17 is "49451 – Vacant Land – Other than Not-For-Profit." AXIS Amended Complaint for Declaratory Judgment, ECF 1-2 at pageID #108.

20. On December 10, 2021, a tornado struck, resulting in the collapse of the structure, an Amazon Inc. "delivery station" known as "DLI4" located in Edwardsville, Illinois ("Amazon Warehouse"), six fatalities and an unknown number of injuries. AXIS Amended Complaint for Declaratory Judgment, ECF 19-1 at pageID #235, ¶1; ECF 19-2 at pageID #269, ¶6; ECF 19-3 at pageID #313, ¶8; TriStar's Answer, Affirmative Defenses, and Amended Counterclaim, ECF 26 at pageID #717, ¶¶31-33; AXIS Amended Answer to TriStar's Amended Counterclaim, ECF 30 at pageID #757, ¶10.

21. TriStar has provided notice to AXIS of the following lawsuits (and potential lawsuits) arising out of the Amazon Warehouse collapse:

   a. *Alice McEwen, as Special Administrator of the Estate of Austin McEwen, deceased v. Amazon.com, Inc. et al.*, Case No. 2022 LA 00055, in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois ("*McEwen* Complaint");

   b. *Deon January, as Independent Administrator of the Estate of Deandre Morrow, deceased v. Amazon.com, Inc. et al.*, Case No. 2022 LA 000511, in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois ("*January* Complaint");

   c. *Jamarco Hickman et al. v. Amazon.com Inc. et al.*, Case No. 2022 LA 000510, in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois ("*Hickman* Complaint");

   d. The potential claims for the wrongful deaths of Clayton Cope and Larry Virden ("Cope/Virden Claim");

TriStar's Answer, Affirmative Defenses, and Counterclaim to Amended Complaint, ECF 26 at pageID #709-710, ¶¶ 8, 10, 12.

22. TriStar provided its first notice of the *McEwen* Complaint to AXIS via email on January 25, 2022. TriStar's Answer, Affirmative Defenses, and Amended Counterclaim to AXIS' Amended Complaint for Declaratory Judgment, ECF 26 at pageID #717, ¶31.

10

23. TriStar provided its notice of the *Hickman* Complaint, *January* Complaint, and Cope/Virden Claim on July 7, 2022. TriStar's Answer, Affirmative Defenses, and Amended Counterclaim to AXIS' Amended Complaint for Declaratory Judgment, ECF 26 at pageID #717, ¶33.

24. The *McEwen* Complaint alleges prior to the collapse and "during all phases of construction" of the Amazon Warehouse, TriStar and its agents "participated, orchestrated, managed, supervised, controlled, directed, and/or was in charge of the work" at the Amazon Warehouse. AXIS' Amended Complaint for Declaratory Judgment, ECF 19-1 at pageID #254, ¶3. It further alleges TriStar had a duty to "exercise reasonable care in the building, planning, and construction" of the Amazon Warehouse. *Id.* at ¶4. The *McEwen* Complaint goes on to allege TriStar was negligent because it:

>a. Built and/or constructed the subject "delivery station" without a basement or actual shelter that could provide shelter when Defendant knew that Edwardsville, Illinois was prone to inclement weather including but not limited to tornadoes;
>
>b. Built and/or constructed the subject "delivery station" without a "safe room" that could provide shelter when Defendant knew that Edwardsville, Illinois was prone to inclement weather including but not limited to tornadoes;
>
>c. Failed to recommend that the subject "delivery station" be built with a basement shelter, shelter or "safe room" that could provide shelter when Defendant knew that Edwardsville, Illinois was prone to inclement, severe weather and/or tornadoes;
>
>d. Built and/or constructed the subject "delivery station" in a "tilt-up" wall construction manner when Defendant knew or should have known that this manner of construction causes walls to fall when struck with high winds and knew that Edwardsville, Illinois was prone to inclement, severe weather and tornadoes;
>
>e. Failed to adequately build the subject "delivery station" in a manner to prevent walls from collapsing and the roof from separating when struck with high winds when Defendant knew that Edwardsville, Illinois was prone to

inclement, severe weather and tornadoes;

f. Failed to build the subject "delivery station" pursuant to all local, state, and federal codes that prevented structural collapse due to inclement weather;

g. Failed to provide a warehouse that was built in compliance with International Building Code Section 1604;

h. Was otherwise careless and negligent.

*Id.* at pageID #255, ¶5(a)-(h).

25. The *January* Complaint alleges TriStar functioned as the "developer" of the Amazon Warehouse and that TriStar was under contract to "build, develop and/or construct" it. AXIS' Amended Complaint for Declaratory Judgment, ECF 19-2 at pageID #271, ¶12. The Complaint alleges that TriStar, directly or through its agents, "participated, orchestrated, managed, supervised, controlled, directed, and/or was in charge of the work being done." *Id.* at pageID #287, ¶5. TriStar "had a duty to exercise reasonable care in the building, planning, and construction" of the Amazon Warehouse. *Id.* at pageID #287-88, ¶6. The *January* Complaint alleges substantially the same negligent acts or omissions as *McEwen*, quoted in paragraph 24 of this SUMF. *Id.* at pageID #288, ¶7(a)-(h).

26. The *Hickman* Complaint alleges TriStar functioned as the "developer…to build, develop, or construct" the Amazon Warehouse. Amended Complaint for Declaratory Judgment, ECF 19-3 at pageID #314, ¶14. The Complaint alleges that TriStar "participated, orchestrated, managed, supervised, controlled, directed, and/or was in charge of the work" and at all times had a duty of reasonable care in "building, planning, and construction" of the Amazon Warehouse. *Id.* at pageID #313-14, ¶¶5-6. The *Hickman* Complaint alleges substantially the same negligent acts or omissions as *McEwen*, quoted in paragraph 24 of this SUMF. *Id.* at pageID #332-33, ¶7(a)-(h).

27. The notice of threatened claims against TriStar related to the alleged wrongful deaths of Clayton Cope and Larry Virden ("Cope/Virden Claim") arise out of the collapse of the Amazon Warehouse. TriStar's Answer, Affirmative Defenses, and Amended Counterclaim, ECF 26 at pageID #711, ¶15.

28. The *McEwen*, *January*, and *Hickman* complaints as well as the Cope/Virden Claim all allege injuries and/or death allegedly sustained as a result of the tornado which struck at the Amazon warehouse known as "DLI4" in Edwardsville, Illinois. AXIS Amended Answer To TriStar's Amended Counterclaim, ECF 30 at pageID #757, ¶10; TriStar's Answer, Affirmative Defenses, and Amended Counterclaim, ECF 26 at pageID #710, ¶¶ 8, 10, 12.

29. The address of the Amazon warehouse known as "DLI4" is 3077 Gateway Commerce Center Drive South, Edwardsville, Illinois. *See* **Exhibit 1** (TriStar's Answers and Objections to AXIS Surplus Insurance Company's Interrogatories, Interrogatory Answer No. 7 - TriStar denied Paragraph 11 because "the correct address of the subject site is 3077 Gateway Commerce, not 3050."). *See also* **Exhibit 2** ("A Resolution Authorizing a Sign Variance for 3077 Gateway Commerce Center Drive South for Amazon Delivery" dated July 2, 2020, pg. 97-108, Agenda for the City of Edwardsville, Illinois (last accessed September 1, 2022)). https://www.cityofedwardsville.com/AgendaCenter/ViewFile/Agenda/_07072020-1827.

30. The address 3077 Gateway Commerce Center Drive South, Edwardsville, Illinois does not appear within any part of the AXIS Policy including the Schedule of Locations or any Policy Change Order. AXIS Amended Complaint for Declaratory Judgment, ECF 1-2 at pageID #61-62; #80.

███████████████████████████████████████████████████████

█████████████████████████████████

   ████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████

   ████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████

   ██████████████████████████████████████

      ████████████████████████████████████████████████████
      ████████████████████████████████████████████████████
      ██████████████████████████████████████████████

█████████████████████████████

   ██████████████████████████████████████████████

      ████████████████████████████████████████████████████
      ████████████████████████████████████████████████████
      ████████████████████████████████████████████████████
      ████████████████████████████████████████████████████
      ██████████████████████████████████████████████

█████████████████████████████

   36.   ████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████

37. Special Warranty Deed, Document No. 2015R27147 (referenced in Exhibit A of the Development Management Agreement), dated August 4, 2015, references Parcel Numbers including:

- **14-1-15-30-00-000-002 (Affects Tract 2)**

**Exhibit 5** (Special Warranty Deed No. 2015R27147 dated August 6, 2015).

38. Madison County Property tax records reflect that, 3077 Gateway Commerce Center Drive South, Edwardsville, Illinois, was created via Special Warranty Deed 2017R33873 dated October 6, 2017. See **Exhibit 6** (Madison County Property Tax Inquiry - "Sales History" for 3077 Gateway Commerce Center Drive South, Edwardsville, Illinois (Parcel No. 14-1-15-30-00-000-002.009)).

39. Exhibit A of Special Warranty Deed 2017R33873 dated October 6, 2017 states, "[a] tract of land being part of larger tract of land conveyed to Gateway Commerce Center Development Company, Inc, by instrument recorded as Document No. 2015R27147." **Exhibit 7** (Special Warranty Deed No. 2017R33873 at Exhibit A).

40. Exhibit A to deed 2017R33873 reflects that the property conveyed from Gateway Commerce Center Development Company Inc. to Gateway East 9B Owner, LLC has an address of "3077 Gateway Commerce Center Dr." and Tax Parcel No. 14-1-15-30-00-000-002.009. The property consists of "54.046 acres more or less." *Id.*

41. The "Resolution Authorizing a Sign Variance for 3077 Gateway Commerce Drive South for Amazon Delivery" states "the subject property is addressed as 3077 Gateway Commerce Center Drive South and more specifically identified as Parcel No. 14-1-15-30-00-000-002.009"

and the owner is listed as Gateway East9B Owner LLC. **Exhibit 2** ("A Resolution Authorizing a Sign Variance for 3077 Gateway Commerce Center Drive South for Amazon Delivery" dated July 2, 2020, pg. 100; 102 - Agenda for the City of Edwardsville, Illinois https://www.cityofedwardsville.com/AgendaCenter/ViewFile/Agenda/_07072020-1827; (last accessed September 1, 2022)).

42. Amazon.com Inc. took possession of the Amazon Warehouse on or about June 30, 2020. **Exhibit 1** (TriStar's Answers and Objections to AXIS Interrogatories at Interrogatory No. 12). Further, the *McEwen*, *Hickman*, and *January* Complaints allege at "all relevant times" Amazon.com Inc. operated, maintained, controlled, and managed the Amazon Warehouse. AXIS' Amended Complaint for Declaratory Judgment, ECF 19-1 at pageID #235, ¶1; ECF 19-2 at pageID #269, ¶6; ECF 19-3 at pageID #313, ¶8.

43. TriStar received its last payment under the Development Management Agreement with Gateway East 9B Owner LLC on or about November 23, 2020. **Exhibit 1** (TriStar's Answers and Objections to AXIS Interrogatories at Interrogatory No. 11).

44. Madison County property tax records reflect that on December 16, 2020, Gateway East 9B Owner LLC transferred Parcel No. 14-1-15-30-00-000-002.009 to Realty Income Illinois Properties 4 LLC via deed 2020R46789. See **Exhibit 6** (Madison County Property Tax Inquiry - "Sales History" for 3077 Gateway Commerce Center Drive South, Edwardsville, Illinois). Further, the 2020 Tax Year shows the property class as "improved commercial." *Id.*

45. TriStar never owned the property located at 3077 Gateway Commerce Center Drive South (Parcel No. 14-1-15-30-00-000-002.009) in Edwardsville, Illinois, either on the inception date of the AXIS Policy (June 1, 2021), on the date of the collapse (December 10, 2021), or otherwise. See **Exhibit 5** (Special Warranty Deed - 2015R27147); **Exhibit 6** (Property Tax Record

– 3077 Gateway Commerce Drive South); **Exhibit 7** (Special Warranty Deed - 2017R33873); **Exhibit 8** (TriStar's Responses to AXIS' Request to Admit at No. 17 - TriStar "did not own or rent" the Amazon Warehouse on December 10, 2021).

46. Gateway East 9B Owner LLC is not listed as an insured or additional insured within the AXIS Policy and did not own the property on the inception date of the AXIS Policy or date of collapse. AXIS Amended Complaint for Declaratory Judgment, ECF 1-2 at pageID #36; **Exhibit 6** (Madison County Property Tax Inquiry - "Sales History" for 3077 Gateway Commerce Center Drive South, Edwardsville, Illinois).

47. On the inception date of the AXIS Policy, June 1, 2021, TriStar did not rent the Amazon warehouse known as "DLI4." **Exhibit 1** (TriStar's Answers and Objections to AXIS Interrogatories at Interrogatory No. 12 ("…the property was delivered to Amazon on or about June 30, 2020.")).

48. Paragraph 17 of AXIS' Amended Complaint alleges, "the address of the Amazon Distribution Center is 3077 Gateway Commerce Center Drive South, Edwardsville, Illinois." AXIS' Amended Complaint for Declaratory Judgment, ECF 19-1 at pageID #221, ¶17. In its answer to Paragraph 17, TriStar stated in part, "further answer, TriStar states that the Center was located in the general location of Interstate Highways 270/255 and Illinois State Highway 111, N. Interstate 270, and/or E-1255 W. Sand Road in Edwardsville, Illinois/Madison County." TriStar's Answer, Affirmative Defenses, and Amended Counterclaim to Amended Complaint, ECF 26 at page ID #712, ¶17.

49. In its response to AXIS interrogatory no. 10, TriStar identified Form No. SI 112 (09-15) (page 33 of the AXIS Policy) and Form No. IL 12 01 11 85 (page 80 of the AXIS Policy) as possibly containing the location where the Amazon Warehouse was located. *See* **Exhibit 1**

(TriStar's Answers and Objections to AXIS Surplus Insurance Company's Interrogatories, Interrogatory Answer No. 10). In conjunction with its Answer to Paragraph 17, TriStar apparently contends that the Amazon Warehouse is situated at either Location #16 or Location #17 on the Schedule of Locations. *Id.*; Answer, Affirmative Defenses, and Amended Counterclaim to Amended Complaint, ECF 26 at page ID #712, ¶17.

Respectfully submitted,

**SKARZYNSKI MARICK & BLACK LLP**

By: */s/ Michael M. Marick*

Attorney for Plaintiff, AXIS Surplus Insurance Company
Michael M. Marick
Andrew J. Candela
Skarzynski Marick & Black LLP
353 N. Clark Street, Suite 3650
Chicago, IL 60654
(312) 946-4200
mmarick@skarzynski.com
acandela@skarzynski.com

and

**WATTERS WOLF BUB HANSMANN**

By: */s/ Russell F. Watters*
Attorney for Plaintiff, AXIS Surplus Insurance Company
Russell F. Watters
Watters Wolf Bub Hansmann
600 Kellwood Parkway
Suite #120
St. Louis, MO 63017
(636) 798-0570
Rwatters@wwbhlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on October 31, 2022, the foregoing was served via the Court's CM/ECF system on all counsel of record and via email.

<em>/s/ Michael M. Marick</em>