# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| AXIS SURPLUS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:22-cv-00328 |
| ) | |
| v. ) | |
| ) | |
| TRISTAR COMPANIES, LLC, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT TRISTAR COMPANIES LLC'S ANSWERS AND OBJECTIONS TO AXIS SURPLUS INSURANCE COMPANY'S INTERROGATORIES**

Defendant TriStar Companies, LLC ("Tristar"), by and through the undersigned counsel, and for its Answers and Objections to Axis Surplus Insurance Company's Interrogatories states as follows:

**INTERROGATORIES**

**GENERAL OBJECTION**: TriStar objects to the inclusion in the definition of "You", "Your", "TriStar" and "Defendant" of TriStar Properties, LLC. TriStar Properties, LLC, including whoever is its officers, directors, employees, owners, agents, representatives, successors, assigns, and other persons acting on its behalf have no relationship to TriStar and TriStar has no knowledge of this entity and cannot answer on its behalf.

**INTERROGATORY NO. 1:** Identify all individuals who supplied information or in any way contributed to Your preparation of answers to these interrogatories, AXIS' Request to Produce, or AXIS' Request to Admit. Specify the interrogatories and requests which each such individual supplied information or contributed to the preparation of these answers.

**ANSWER:**   Michael Towerman, Principal of TriStar, and Gene Manis, Group Controller for TriStar, both to be contacted through counsel, and both with the assistance of counsel.

**INTERROGATORY NO. 2:** Identify all joint ventures, agreements, contracts or other business arrangements entered into between TriStar and any individual, organization, or corporation in anyway involving the facilities at issue in the Edwardsville Tornado Actions.

**ANSWER:**   See the documents produced as TriStar250-271 and TriStar683-690.

**INTERROGATORY NO. 3:** Identify all insurance policies or indemnity agreements under which TriStar seeks defense costs and indemnity related to the Edwardsville Tornado Actions.

**ANSWER:** See the documents produced in response to Requests 2 and 8.

**INTERROGATORY NO. 4:** Identify all documents reflecting the obligations of any party to procure liability insurance naming TriStar as an insured or additional insured with respect to TriStar's roles in designing, developing, building, constructing, or selling the facilities at issued in the Edwardsville Tornado Actions.

**ANSWER:** Objection. TriStar objects to this Interrogatory to the extent it asks for "all documents" that includes documents protected by the attorney-client privilege or work product doctrine. Subject to and without waiving this objection, TriStar will produce any such agreements or documents requiring any party to name TriStar as an insured or additional insured with respect to the project at issue. See the documents produced in response to Request 2.

**INTERROGATORY NO. 5:** Identify all individuals with knowledge of any fact(s) regarding the allegations contained in either the Complaint or Your Counterclaim. For each individual, detail the subject matter of his or her knowledge about those allegations.

**ANSWER:** See TriStar's Initial Disclosures, Axis Initial Disclosures, and the response to Interrogatory 1 above.

**INTERROGATORY NO. 6:** If you deny any of AXIS' Requests to Admit, state the factual basis for such denial.

**ANSWER:** Objection. TriStar objects to this Interrogatory on the grounds that it is outside the scope of permissible discovery. Namely, Rule 36 permits a party to respond to a Request for Admission by denying the matter, without explanation.

> As a general matter, neither a requesting party nor the court should prescribe or detail the steps that a responding party must take to meet its discovery obligations, and there should be no discovery on discovery, absent an agreement between the parties, or specific, tangible, evidence-based indicia (versus general allegations of deficiencies or mere speculation) of a material failure by the responding party to meet its obligations. A requesting party has the burden of providing a specific discovery deficiency in the responding party's production.

*Gross v. Chapman*, 2020 WL 4336062 at *2 (N.D. Ill. 2020) (citing string of authority for proposition that discovery about discovery is generally inappropriate).

This Interrogatory is further objectionable in that it invades the attorney-client privilege and work product doctrine by seeking to discover the strategy and advice of

2

counsel in how to respond to a request for admission.  For further objection, this Interrogatory is harassing, seeks information that has been asked and answered, calls for a narrative, and is overly broad.  Lastly, at most, this is a contention Interrogatory that should not be answered at this time.

**INTERROGATORY NO. 7:** Explain and identify all facts supporting Your denial of the allegations contained in paragraphs 10, 11, 12, and 27 of the Your answer to the Complaint.

**ANSWER:**    TriStar objects to this Interrogatory on the basis that it invades the attorney-client privilege and work product doctrine by seeking to discover the strategy and advice of counsel in how to respond to the Complaint.  Subject to and without waiving this objection, TriStar states that:

- ¶ 10 was denied first because TriStar's website description does not fully describe TriStar's involvement in the project as alleged in ¶ 10.  Furthermore, ¶ 10 is not an accurate citation to the website of TriStar.

- ¶ 11 was denied because the correct address of the subject site is 3077 Gateway Commerce, not 3050.

- ¶ 12 was not denied.

- ¶ 27 was denied first because the Complaint incorrectly identifies the location of the distribution center.  Second, the correct location of the subject distribution center is an identified, designated, or scheduled location under the Policy.

**INTERROGATORY NO. 8:** Explain Your role in the design, construction, operation, and/or maintenance (whether in the past or on-going) of the Gateway Commerce Center in Edwardsville, Illinois including, but not limited to the building identified as "DLI4" in the Edwardsville Tornado Actions.

**ANSWER:**    See the document produced as TriStar250-271.

**INTERROGATORY NO. 9:** Explain (a) the relationship between TriStar Companies LLC, TriStar Property Associates LLC, and TriStar Properties, LLC including name changes and the date(s) of all such changes in legal identity; and (b) which specific "TriStar" entit(ies) You contend are insured under the AXIS Policy, and the basis for that contention.

**ANSWER:**    TriStar Property Associates, LLC is the former name of TriStar Companies, LLC.  The name was changed to TriStar Companies, LLC on or about January 16, 2019.  Both are insured under the Axis Policy as TriStar Property Associates, LLC is an additional named insured.  TriStar Properties, LLC has no relationship with TriStar Companies, LLC or TriStar Property Associates, LLC.

3

**INTERROGATORY NO. 10:** Within the AXIS Policy, identify by form number and page the location or address You contend encompasses the building and/or location of the "delivery station" identified as "DLI4" in the Edwardsville Tornado Actions.

**ANSWER:** Form No. SI 112 (09-15) (p. 33 of the pdf copy of the Policy attached to Complaint); Form No. IL 12 01 11 85 (p. 80 of the pdf copy of the Policy attached to Complaint).

**INTERROGATORY NO. 11:** Identify the last date You performed any work, services, or activities in connection with the "delivery station" identified as "DLI4" in the Edwardsville Tornado Actions, and the date You received the final payment for any such work, services, or activities.

**ANSWER:** Objection. TriStar objects to this Interrogatory on the basis that it is vague and ambiguous as to what work, services, or activities is being referenced, in that TriStar's involvement with litigation concerning the "delivery station" remains ongoing. Subject to and without waiving this objection, TriStar states that it received its last payment under the Development Management Agreement on or about November 23, 2020.

**INTERROGATORY NO. 12:** Identify when Amazon or another third-party took possession and control of the "delivery station" identified as "DLI4" of the Edwardsville Tornado Actions.

**ANSWER:** Objection. TriStar objects to this Interrogatory on the basis that it is vague and ambiguous as to when another party actually took possession and control of the "delivery station." Subject to and without waiving this objection, the property was delivered to Amazon on or about June 30, 2020.

**INTERROGATORY NO. 13:** Identify each individual You intend to call as a witness at the trial of this matter, and for each such witness, state all facts and opinion to which the witness will testify, and identify all Documents that refer or relate to the subject matter of the witness's testimony.

**ANSWER:** TriStar objects to this Interrogatory on the basis that it invades the attorney-client privilege and work product doctrine by seeking to discover the strategy and advice of counsel.

**INTERROGATORY NO. 14:** Identify each individual You expect to call as an expert witness at the trial on this matter, and for each such witness provide the information required by Rules 26(b)(3) and 26(b)(4) of the Federal Rules of Civil Procedure and identify all documents, information, and data provided to the expert for use in his or her opinions in this case.

**ANSWER:** None at this time. TriStar will supplement this Interrogatory in accordance with the Case Management Order entered by the Court.

Respectfully submitted,

**BLITZ, BARDGETT & DEUTSCH, LC**

By:    /s/ *Christopher O. Bauman*
       Robert D. Blitz, #24387MO
       Christopher O. Bauman, #52480MO
       120 S. Central Ave., Ste. 1500
       St. Louis, MO  63105
       Telephone: (314) 863-1500
       Facsimile: (314) 863-1877
       Email: rblitz@bbdlc.com
       Email: cbauman@bbdlc.com

*Attorneys for TriStar Companies, LLC*

I declare the foregoing answers to be true to the best of my knowledge and belief.

_____
Michael Towerman