IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
MISSOURI

| | |
|---|---|
| AXIS SURPLUS INSURANCE COMPANY, )<br> )<br>   Plaintiff/Counter-Defendant, )<br> )<br>v. )<br> )<br>TRISTAR COMPANIES, LLC )<br> )<br>   Defendant/Counter-Plaintiff. ) | Cause No.: 22-cv-00328<br><br>Hon. Audrey G. Fleissig |

**AXIS SURPLUS INSURANCE COMPANY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff and Counter-Defendant, AXIS Surplus Insurance Company ("AXIS"), respectfully requests that this Court take judicial notice of certain property, tax, and governmental records submitted in support of AXIS' Motion for Summary on Count I of AXIS Amended Complaint for Declaratory Judgment and Counts I and II of Defendant and Counter-Plaintiff, TriStar Companies, LLC's ("TriStar) Amended Counterclaim. The documents submitted are the proper subject of judicial notice pursuant to Federal Rule of Evidence 201.

**ARGUMENT**

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of information that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); Fed. R. Evid. 201(c) ("The court…must take judicial notice if a party requests it and the court is supplied with the necessary information."). AXIS requests this Court take judicial notice of the evidence described below, which is attached to its Statement of Undisputed Material Facts ("SUMF"). *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (courts may take judicial notice of

public records); *Colony Ins. Co. v. Frison Flea Market Inc.*, Case No. 4:13CV2193, 2014 WL 4670908, *1 (E.D. Mo. Sept. 18, 2014) (taking judicial notice of a document when the documents were not subject to reasonable dispute).

### A. Government Record

Attached as Exhibit 2 to AXIS' SUMF is "A Resolution Authorizing A Sign Variance for 3077 Gateway Commerce Center Drive South For Amazon Delivery" which was part of the City of Edwardsville, City Council Agenda, from July 7, 2020. The July 7, 2020 City Council Agenda is a publicly available document which can be accessed through the City of Edwardsville website: https://www.cityofedwardsville.com/AgendaCenter/ViewFile/Agenda/_07072020-1827. On page 3 of the City Council Agenda, under Administrative & Community Services Committee, it specifically notes the Resolution concerning 3077 Gateway Commerce Center Drive appears at page 97 of the meeting minutes.[1]

There can be no dispute that the Resolution and the information contained therein were considered by the Edwardsville City Council on July 7, 2020. Accordingly, AXIS requests this Court take judicial notice of the "A Resolution Authorizing A Sign Variance for 3077 Gateway Commerce Center Drive South For Amazon Delivery" contained in the meeting minutes from the Edwardsville City Council. Courts have taken judicial notice of meeting minutes from a city council when there is no dispute about their authenticity and they are matters of public record. *Schubert v. City of Rye*, 775 F.Supp.2d 689, 697 n.3 (S.D.N.Y. 2011); *Nasrawi v. Buck Consultants, LLC*, 713 F.Supp.2d 1080, 1083 n.4 (E.D. Cal. 2010); *Barich v. City of Cotati*, Case No. 21-cv-00034, 2021 WL 3053204, *6 (N.D. Cal. July 20, 2021).

---

[1] So as not to overburden the Court, AXIS has only provided the Edwardsville City Council Agenda as well as the Resolution, however the full 123-page document is available via the link provided.

### B. Property Deeds

Attached to AXIS' SUMF as Exhibit 5 is the Special Warranty Deed, 2015R27147, and as Exhibit 6 is the Special Warranty Deed, 2017R33873, both filed in Madison County, Illinois. A court may take judicial notice of property deeds when the documents indicated they were filed with a recorder of deeds. See *Matthews v. San Diego Cnty. Bd. of Supervisors*, Case No. 3:18-CV-711-GPC-NLS, 2019 WL 4039651, *4 (S.D. Cal. Aug. 27, 2019) (taking judicial notice of quitclaim and grant deed because markings on the document indicate they had been recorded); *Hogan v. Cnty. of Lewis, New York*, 2017 WL 3017499, *3, n.5 (N.D.N.Y. July 14, 2017) (same). As with other property deeds which district courts have taken judicial notice, both exhibits bear all the indicia they were properly recorded with the appropriate government authority. Both deeds have reference numbers and document stamps showing they were filed with the Madison County Recorder. Accordingly, AXIS requests this Court take judicial notice of the special warranty deeds attached to AXIS' SUMF: (1) Exhibit 5, Special Warranty Deed, 2015R27147, recorded August 6, 2015 in Madison County, Illinois; and (2) Exhibit 6, Special Warranty Deed, 2017R33873, recorded October 6, 2017 in Madison County, Illinois.

### C. Property Tax Record

Like property deeds, a court may take judicial notice of property tax records when there is no reasonable dispute as to the tax document's accuracy. *Yoshida v. Uchikura*, Case No. C15-1885, 2016 WL 7724346, *2 (W.D. Wash. Jan. 13, 2016) (taking judicial notice of real property tax information); *Liwang v. Bank of America, N.A.*, Case No. EDCV 14-02605, 2015 WL 1884319, *2 (C.D. Cal. April 24, 2015) (taking judicial notice of a property tax assessment because "it is the proper object of judicial notice"). Madison County provides a property tax search feature at the following web address: http://reweb1.co.madison.il.us/. This website includes a number of

3

different ways to search for property tax records, including by Parcel Number. Entering Parcel Number 14-1-15-30-00-000-002.009, the Parcel Number appearing on Exhibit A of Special Warranty Deed 2017R33873, brings up property tax records from 2018 through the present day for that location. Accordingly, AXIS requests this Court take judicial notice of Exhibit 7, the 2020 property tax record for Parcel Number 14-1-15-30-00-000-002.009.

Respectfully submitted,

**SKARZYNSKI MARICK & BLACK LLP**

By: */s/ Michael M. Marick*

Attorney for Plaintiff, AXIS Surplus Insurance Company
Michael M. Marick
Andrew J. Candela
Skarzynski Marick & Black LLP
353 N. Clark Street, Suite 3650
Chicago, IL 60654
(312) 946-4200
mmarick@skarzynski.com
acandela@skarzynski.com

and

**WATTERS WOLF BUB HANSMANN**

By: */s/ Russell F. Watters*
Attorney for Plaintiff, AXIS Surplus Insurance Company
Russell F. Watters
Watters Wolf Bub Hansmann
600 Kellwood Parkway
Suite #120
St. Louis, MO 63017
(636) 798-0570
Rwatters@wwbhlaw.com

4

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on October 31, 2022, the foregoing was served via the Court's CM/ECF system on all counsel of record and via email.

                                           */s Michael M. Marick*